**Franklin L. JOLLEY, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 89–161.**

United States Court of Veterans Appeals.

Argued Aug. 28, 1990.

Decided Oct. 3, 1990.

Edward J. Kowalczyk (non-attorney practitioner), for appellant. John Corcoran, Washington, D.C., entered an appearance.

Deborah W. Duckett, Staff Atty., with whom Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, D.C., were on the brief, for appellee. Barry W. Tapp, Asst. Gen. Counsel, entered an appearance.

Before FARLEY, MANKIN and HOLDAWAY Associate Judges.

MANKIN, Associate Judge:

Appellant, Franklin L. Jolley, claims that the Secretary of Veterans Affairs, appellee, denied him due process by failing to provide assistance to him as required by law and regulation. Because of circumstances known to appellee and not disclosed to appellant or this Court until oral argument, this Court will retain jurisdiction and remand this case with instructions as discussed below.

Jurisdiction of this Court attaches by virtue of 38 U.S.C. § 4052 (1988).

## FACTS

This is an appeal from the Board of Veterans' Appeals (BVA) decision of June 8, 1989, denying benefits for a heart condition caused by or resulting from scarlet fever or rheumatic fever allegedly incurred in 1941 while appellant was on active military duty at Chanute Airfield, Illinois.

On July 5, 1988, appellant filed an initial claim seeking entitlement to disability compensation for scarlet fever, rheumatic fever, and rheumatic heart disease. In a Veterans Administration (VA) letter dated August 5, 1988, appellant was informed that, due to the lapse in time between his service separation and date of claim, his service medical records may be difficult or impossible to obtain.

On August 12, 1988, the VA received NA Form 13055 (8/85) (Request for Information Needed to Reconstruct Medical Data) from the appellant. On that form, it was noted that the medical records requested were not in the files, and were probably destroyed by fire if they were located at the National Records Center on July 12, 1973.

Appellant sought assistance from the Department of Veterans Affairs (VA) under 38 C.F.R. § 3.103(a) (1989) to procure, for appellant's use, certain recently discovered records which could allegedly document service connection under 38 U.S.C. §§ 310, 353 (1988) and 38 C.F.R. §§ 3.303, 3.306, 3.310(a) (1989). The enactment of 38 U.S.C. § 3007(a) (1988) while this case was on appeal codified the Secretary's duty under 38 C.F.R. § 3.103(a) to assist a claimant.

By rating decision dated September 15, 1988, the VA denied service connection for scarlet fever, and rheumatic heart disease. Appellant filed a substantive appeal with the BVA that was received on February 28, 1989. In that appeal, he averred that he suffered from scarlet fever and rheumatic fever in the early 1940's and was hospitalized while in service, and that there should be a medical record supporting his claim. Attached to his appeal was a copy of a

newspaper article indicating that service treatment records, dating from the years 1942–1945 and 1950–1954, were recently discovered at the National Records Center.

The BVA considered the evidence of record and entered a decision adverse to appellant on June 8, 1989. In that decision, the BVA explained that the recently discovered records had not been indexed and thus were not available for BVA purposes. Appellant then filed a timely notice of appeal with this Court.

## DISCUSSION

This case, from appellant's standpoint, turns on the question of whether he was hindered by the appellee's refusal to assist him in searching newly discovered medical records which would allegedly support his contention of service connection. Appellee's statement of the issue presented is simply whether the BVA "clearly erred" in its decision.

As a result of a newspaper article discovered by appellant he notified the appellee of his request that the newly discovered records be reviewed for evidence of his alleged 1941 hospitalization at Chanute Airfield, Illinois. Appellee's refusal to search based on its claimed inability to access large numbers of unindexed documents represents the gravamen of appellant's case. At argument appellant's representative indicated that without those records appellant would have a very difficult time proving his claim.

But for a rather startling revelation made by counsel for appellee in argument, this Court would address the process undertaken by the VA in responding to the statutory mandate requiring him to "assist . . . in developing the facts pertinent to the claim." 38 U.S.C. § 3007(a). In argument, counsel for appellee informed the Court that the recently discovered records which might contain hospital records directly relevant to appellant's case, and which he had requested, had been available for two months prior to the hearing date in this Court. This Court views with concern appellee's failure to notify the Court or appellant of the availability of the newly discovered records. Counsel for appellee indicated that within "the last two months" the recently discovered medical records have been "analyzed and [are] available" and identified by service number. Appellant seeks remand in order that the newly available documents may be searched.

Appellant believes that, if such medical records exist to support his claim, they could be decisive. Appellee does not deny the existence of records pertinent to appellant's case. Appellee simply says that it has not looked. Once appellee discovered that appellant's records could be accessed if they existed, appellee had a duty to so inform appellant and to assist him in recovering those records. Appellee's failure to assist appellant in developing evidence was a breach of appellee's duty under 38 U.S.C. § 3007(a) and 38 C.F.R. § 3.103(a). Because the VA's actions fell "substantially short of the requirements of the applicable departmental regulations," those actions are "illegal and of no effect." *Vitarelli v. Seaton*, 359 U.S. 535, 545, 79 S.Ct. 968, 975, 3 L.Ed.2d 1012 (1959); *see Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268–69, 74 S.Ct. 499, 503–04, 98 L.Ed. 681 (1954).

This Court cannot agree with appellee that ". . . 38 U.S.C. § 3007(a) and 38 C.F.R. § 3.103(a) are merely statements of VA policy and provide no basis whatsoever for Appellant's argument that VA failed to follow its 'procedural rules'. . . ." Br. at 12. "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974). In enacting 38 U.S.C. § 3007(a), Congress was codifying the DVA's obligation to assist claimants which existed in 38 C.F.R. § 3.103(a). The Senate Committee, in discussing 38 U.S.C. § 3007(a), stated that "the VA should be responsible for providing the material—or seeing that it is provided—needed to make the determination on eligibility." S.Rep. No. 418, 100th Cong., 2nd Sess. 33–34 (1988). While this Court has not yet had

the occasion to define the Secretary's duty to assist, it is clear that this statutory duty encompasses responding to appellant's request for a search of records already in appellant's files.

Because the analysis and indexing of the newly discovered records occurred prior to argument before this Court and because the Court was not advised of the existence of such records, thus possibly mooting the case, this Court retains jurisdiction and remands as authorized by 38 U.S.C. § 4052(a) (1988). Appellee is instructed, within 30 days, to search the recently indexed records to determine whether appellant's medical records can be found. Appellee is further instructed to report promptly to ·this Court and to appellant the results of its finding. In the event new evidence is produced the BVA shall take appropriate action consistent with this opinion.

It is not necessary to discuss other issues raised by either side at this time.

*It is so Ordered.*