**George A. BROWDER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–44.**

United States Court of Veterans Appeals.

Submitted Oct. 26, 1990.

Decided April 5, 1991.

George A. Browder, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, were on the brief for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Appellant, George A. Browder, seeks service connection for aggravation of a preexisting right eye injury under 38 U.S.C. §§ 310 and 353 (1988) and 38 C.F.R. § 3.306 (1990). We remand due to the Board of Veterans' Appeals' (BVA) failure to comply with the requirements of 38 U.S.C. § 4004(d)(1) (1988) and its failure to apply and discuss 38 U.S.C. § 353 (1988) and 38 C.F.R. §§ 3.303(c) and 3.306 (1990).

Jurisdiction is founded upon 38 U.S.C. § 4052 (1988).

The BVA is required to apply all relevant statutes and regulations appropriate to the particular case before it. *See Akles v. Derwinski,* 1 Vet.App. 118 (1991); *Payne v. Derwinski,* 1 Vet.App. 85 (1990); *Jolley v. Derwinski,* 1 Vet.App. 37 (1990). "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." *Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974); *see also Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); *Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957).

## BACKGROUND

Appellant served in the armed forces from March 26, 1968, to March 16, 1970. Appellant's pre-induction examination revealed a right pupil deformity and scarring of the right cornea with uncorrected visual acuity of 20/300, and corrected visual acuity of 20/40 in the right eye. The diagnosis at the time of induction pertaining to the right eye problems was defective right eye vision and right eye iris adhesion with past traumatic injury to the eye. The medical report also indicated that appellant had "eye trouble" prior to service and had suffered a traumatic injury to his eye prior to service. R. at 4.

Appellant's separation examination revealed an uncorrected visual acuity in his right eye of 20/400 and a correctable visual acuity of 20/40. The diagnosis at that time was corneal leukoma with iris adhesion and myopic astigmatism.

On April 19, 1988, appellant filed an application for compensation and pension with the Veterans Administration, now Department of Veterans Affairs (VA). The application was made a part of the record on appeal but the sections dealing with the nature of the disability are not legible. The Court assumes that appellant described his right eye disability in these sections.

On October 3, 1988, the VA issued a rating decision denying service connection for appellant's right eye disability. Appellant filed a Notice of Disagreement on January 23, 1989, with the prior rating decision. Appellant then filed VA Form 1-9, "Appeal to the Board of Veterans' Appeals", which was received by the BVA on June 9, 1989. Appellant contended in his appeal to the BVA that his pre-existing right eye injury was aggravated by dust, dirt, and sand that blew in his face while operating quarry machinery in Vietnam.

The BVA rendered its decision on December 28, 1989. The decision denied service connection for aggravation of a pre-existing right eye disability. In its "Findings of Fact" section, the BVA concluded that: "The veteran's right eye disability existed prior to service, and no increase in its un-derlying pathology is shown to have occurred during his period of service." *George A. Browder*, loc. no. 936830, at 4 (BVA Dec. 28, 1989). The "Conclusions of Law" section of the decision concluded that: "The veteran's right eye disability existed prior to service and was not aggravated therein. (38 U.S.C. §§ 310, 353; 38 C.F.R. §§ 3.102, 3.303(c), 3.306(b))." *Id.*

## DISCUSSION

Appellant argues on appeal that the BVA failed to apply or consider the presumption of service connection for aggravation of a pre-existing injury found in 38 U.S.C. § 353 and 38 C.F.R. § 3.306. We agree. The BVA correctly cited the issue, stating: "The sole question presented is whether his pre-existing right eye impairment was aggravated by service." *George A. Browder*, loc. no. 936830, at 4 (BVA Dec. 28, 1989); but there is no evidence that it applied the presumption of aggravation available under 38 U.S.C. § 353 and 38 C.F.R. § 3.306(a). Both of these provisions state:

A preexisting injury or disease will be considered to have been aggravated by active military, naval, or air service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease.

While appellant has argued on appeal to the BVA that his preservice eye disability was aggravated by his in-service activities, specifically the operation of machinery in a quarry, appellant need not show a specific link between his in-service activity and the deterioration of his preservice disability in order to prevail. It is enough if the aggravation occurred in service. The BVA decision concluded that appellant's right eye disability existed prior to service and did not increase in severity during military service. The record, however, clearly reveals that the vision in appellant's right eye did worsen during service. Appellant had uncorrected right eye vision of 20/300 with a physical profile of 2 prior to service as compared to uncorrected vision of 20/400 with a physical profile of 3 upon discharge. R. 2–5 and 6–9. Since

appellant's visual acuity decreased during service, the BVA had an obligation to apply the presumption of aggravation, found in 38 U.S.C. § 353 and 38 C.F.R. § 3.306, or to explain why the presumption should not be applied. It did not fulfill that obligation. The regulation accompanying 38 U.S.C. § 353, 38 C.F.R. § 3.306, is similar to it. Subsection (a) is identical to the Code and subsection (b) states:

> (b) *War Service.* Clear and unmistakable evidence (obvious or manifest) is required to rebut the presumption of aggravation where the preservice disability underwent an increase in severity during service. This includes medical facts and principles which may be considered to determine whether the increase is due to the natural progress of the condition. Aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during and subsequent to service.

The regulation specifically states that as to "war service" clear and unmistakable evidence is needed in order to rebut the presumption of aggravation where a preservice disability increased in severity during service. Appellant served in the military during the Vietnam conflict, and thus, § 3.306(b) would apply to his case. *See* 38 C.F.R. § 3.2(f) (1990) (setting forth the dates of war service.) Under 38 U.S.C. § 353 and 38 C.F.R. § 3.306 the presumption of aggravation may be rebutted only where clear and unmistakable evidence exists that the increase in the disability is due to the natural progress of the condition. The BVA decision did not discuss whether the increase in appellant's disability was due to the natural progress of an eye condition.

■ The Secretary argues that the presumption of aggravation is inapplicable even though the visual acuity of appellant's right eye decreased from 20/300 to 20/400 during service. The Secretary asserts that: "This presumption does not apply to appellant's situation because there was no increase in his disability as his corrected vision in his right eye did not increase [sic]

during his period of service." Br. at 13. The Secretary notes that appellant's corrected visual acuity in his right eye remained at 20/40 at both induction and discharge and cites 38 C.F.R. § 4.75 (1990) which deals with examinations of visual acuity. It provides in pertinent part: "That the best distant vision obtainable after best correction by glasses will be the basis of rating...." This regulation is in part 4 of title 38 of the Code of Federal Regulations which deals with rating schedules for disability. The Secretary is apparently confusing regulations dealing with the method of calculating disability ratings with those that deal with service connection. The Secretary incorrectly assumes that 38 C.F.R. § 4.75 should be used as the basis for granting service connection. Appellant asserts that the presumption applies where there was a worsening of the disability regardless of whether the degree of worsening was enough to warrant compensation. *See* Br. of Appellant at 5. We agree with this position.

The BVA also failed to discuss 38 C.F.R. § 3.303(c) although mentioning it in the list of laws and regulations and in one statement. This provision states in pertinent part: "Congenital or developmental defects, refractive error of the eye, personality disorders and mental deficiency as such are not diseases or injuries within the meaning of applicable legislation." *Accord* 38 C.F.R. § 4.9. The BVA decision in its "Discussion and Evaluation" section stated: "In addition, the astigmatism of his right eye, shown on discharge examination, is a developmental eye defect." *George A. Browder,* loc. no. 936830, at 4 (BVA Dec. 28, 1989). This conclusory statement was not supported by any authority; nor did the BVA attempt to establish when appellant developed an astigmatism or whether it caused a decline in his vision. The BVA had previously stated that: "The veteran sustained a traumatic injury to his right eye before he entered service, and it is not contended otherwise." *Id.* The BVA decision also stated that there was no indication that appellant sustained an in-service trauma or injury to his right eye. *See id.*

The BVA decision made no attempt to clarify or discuss how the preservice traumatic injury or the astigmatism relate to appellant's vision problem or why it concluded that appellant's right eye was not injured during service.

"Where the trial court provides only conclusory findings, unsupported by subsidiary findings or by an explication of the court's reasoning with respect to the relevant facts, a reviewing court simply is unable to determine whether or not those findings are clearly erroneous." *Lyles v. United States,* 759 F.2d 941, 944 (D.C.Cir. 1985). *Accord International Longshoremen's Assoc. v. National Mediation Board,* 870 F.2d 733, 735 (D.C.Cir.1989). The BVA is required by statute to provide "reasons or bases" for its "findings and conclusions on all material issues of fact and law presented on the record" 38 U.S.C. § 4004(d)(1) (1988). *See Gilbert v. Derwinski,* 1 Vet.App. 49, 55–57 (1990); *Sammarco v. Derwinski,* 1 Vet.App. 111, 112–14 (1991).

"Integrated with the 'reasons or bases' requirement of § 4004(d)(1) is the requirement that the BVA decision include 'a written statement of the Board's findings and conclusions ... on *all material issues* of fact and law presented on the record....'" *Sammarco v. Derwinski,* at 112 (emphasis in original).

■ The BVA decision was not written in accordance with 38 U.S.C. § 4004(d)(1). It provides little guidance as to why it denied service connection for aggravation of a pre-existing right eye injury, thus, proper judicial review is impossible. Additionally, "[t]he Supreme Court has held that where the 'failure to explain administrative action ... frustrate[d] effective judicial review, the remedy was ... to obtain from the agency ... such additional explanation of the reasons for the agency decision as may prove necessary.'" *Gilbert v. Derwinski,* at 57. (quoting *Camp v. Pitts,* 411 U.S. 138, 142–43, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973)).

■ Finally, the Secretary has asserted here for the first time that appellant's claim is barred by laches. The Secretary argues that appellant lacked diligence in pursuing his claim and that this lack of diligence caused it to be prejudiced. The Court has already addressed this issue in *Manio v. Derwinski,* 1 Vet.App. 140 (1991). In *Manio,* we noted that we may consider the application of the equitable defense of laches and ultimately concluded that the VA benefits system as well as the Veterans' Judicial Review Act both militate against the application of the doctrine to cases before this Court. We also pointed out that: "The Secretary may not raise a defense of laches on appeal where the issue was not before the BVA below." *Id.* at 144. Once again we stress that: "The debt this nation owes to its disabled veterans lasts for a lifetime and should not be limited to those veterans who are prompt in asserting their right to compensation." *Id.* at 144.

We hold that the BVA must apply and discuss 38 U.S.C. § 353 and 38 C.F.R. §§ 3.303(c) and 3.306, and it must provide "reasons and bases" for its decision as well as a "written statement of the Board's findings and conclusions" as required under 38 U.S.C. § 4004(d)(1). We REMAND the case to the BVA for proceedings consistent with this opinion.