George A. BROWDER, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 91–1209.

United States Court of Veterans Appeals.

June 23, 1993.

Rick Surratt (non-attorney practitioner), was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Appellant appeals a May 8, 1991, decision of the Board of Veterans' Appeals (Board or BVA) which denied service connection for a right eye disability. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

This case was previously before the Court on appeal from a December 28, 1989, BVA decision in which the Board denied service connection for appellant's preservice right eye disability because it found appellant's condition was not aggravated by service. In *Browder v. Derwinski (Browder I)*, the Court held that appellant's right eye visual acuity had decreased during service and remanded the matter to the BVA with the instruction that the Board apply the presumption of service connection for aggravation of a preexisting injury found in 38 U.S.C.A. § 1153 (West 1991) and 38 C.F.R. § 3.306 (1992), or explain why the presumption did not apply. 1 Vet. App. 204, 207 (1991). In addition, the Court ordered the Board to apply 38 C.F.R. § 3.303(c) and to provide "reasons or bases" for its decision, as well as a written statement of the Board's findings and conclusions as required under 38 U.S.C.A. § 7104(d)(1) (West 1991). *Browder*, 1 Vet. App. at 208.

## I. FACTUAL BACKGROUND

Appellant served in the U.S. Army in Vietnam from March 1968 to March 1970. Appellant's preinduction physical examination revealed corneal scarring and slight deformity of the right pupil. R. at 2. The diagnosis was defective vision, scarring of the right cornea, and iris adhesion. R. at 3. Uncorrected visual acuity for the right eye was 20/300. Corrected visual acuity was 20/40 for the same eye. Appellant's separation examination showed corneal leukoma with iris adhesion and myopic astigmatism in the right eye. Uncorrected visual acuity in appellant's right eye was 20/400 and his corrected acuity reading was 20/40. In February 1972, appellant was reexamined for reenlistment purposes. Appellant's uncorrected visual acuity was evaluated as 20/20 for both eyes. R. at 11.

In April 1988, appellant submitted a Veteran's Application for Compensation or Pension. R. at 14. His claim was denied by rating decision on December 3, 1988. The Veterans' Administration (now Department of Veterans Affairs) (VA) rating board found that appellant's eye condition had existed prior to service, and that there was no evidence of aggravation during service. Appellant filed a Notice of Disagree-

ment on January 23, 1989, followed by a VA Form 1–9 appeal to the BVA. Appellant contended that his preexisting right eye injury was aggravated by dust, dirt, and sand while he was operating machinery in a quarry in Vietnam. In a decision dated December 28, 1989, the Board denied service connection for a right eye disability. An appeal to this Court followed. On April 5, 1991, the Court issued its opinion in *Browder I*, remanding the matter to the BVA for a new decision. The Board rendered a new decision on May 8, 1991. The Board found that "[s]ince it has not been shown that there was any in-service worsening of the preexisting right eye condition, the presumption of aggravation of the condition does not apply." *George A. Browder*, BVA 91–16601, at 7 (May 8, 1991).

## II. ANALYSIS

### A.

■ In the May 1991 decision now on appeal, the Board stated the issue in the case as "whether the pre-service right eye disorder was aggravated by. military service." *Browder*, BVA 91–16601, at 5. When a preexisting condition is properly found, as it was in this case, the presumption of aggravation found in 38 U.S.C.A. § 1153 provides:

A preexisting injury or disease will be considered to have been aggravated by active military, naval, or air service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease.

Furthermore, 38 C.F.R. § 3.306(b) states that, as to veterans of wartime service "[c]lear and unmistakable evidence (obvious or manifest) is required to rebut the presumption of aggravation."

In *Browder I*, the Court held that the presumption of aggravation may apply "where there was a worsening of the disability regardless of whether the degree of worsening was enough to warrant compensation," and that the record "clearly re-veal[ed] that the vision in appellant's right

eye *did* worsen during service." 1 Vet. App. at 206–07 (emphasis added). As a result, the Court set aside the BVA's finding of fact that appellant's right eye condition did not increase in severity during service and ordered the BVA to apply and discuss 38 U.S.C.A. § 1153 and 38 C.F.R. § 3.306, or explain why the presumption should not be applied. *Browder*, 1 Vet. App. at 207.

■ The BVA's finding on remand that "there was no increase in severity of the pre-service eye disorder" directly contravenes the Court's holding in *Browder I*. *Browder*, BVA 91–1661, at 6. In his brief, the Secretary of Veterans Affairs (Secretary) asserts that the Court did not decide any issues of fact in *Browder I* which became the "law of the case." Br. at 12. Under the doctrine of "law of the case," questions settled on a former appeal of the same case are no longer open for review. The U.S. Supreme Court stated the rule with regard to its own opinions:

When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate.

*In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255–56, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895). *See generally* 32 Am.Jur.2d, Federal Practice and Procedure, § 354. The principle of "law of the case" has been applied to the application of the law in decisions of federal courts in cases remanded to administrative agencies. *See, e.g., In re Wella A.G.*, 858 F.2d 725, 728 (Fed.Cir. 1988); *City of Cleveland v. Federal Power Commission*, 561 F.2d 344 (D.C.Cir.1977). A body subject to the decision of a federal appellate court

is without power to do anything which is contrary to either the letter or spirit of the mandate construed in light of the opinion of the court deciding the case.... These principles, so familiar in operation within the hierarchy of judicial

benches, indulge no exception for reviews of administrative agencies. *City of Cleveland*, 561 F.2d at 346.

■ In reaching its conclusion that appellant's condition was not aggravated during service, the Board reasoned that while appellant's uncorrected visual acuity decreased during service, "more important to the measurement of the veteran's relative visual acuity is the fact that the prescription necessary to correct his right eye vision to essentially normal, i.e., 20/40, remained exactly the same at separation as it was at the pre-induction examination...." *Browder*, BVA 91–16601, at 7. The Court rejected this rationale in *Browder I*, stating that "the presumption applies where there was a worsening of the disability regardless of whether the degree of worsening was enough to warrant compensation." 1 Vet.App. at 207. However, in the interim since the BVA released its supplemental decision in *Browder*, the Court issued its opinion in *Hensley v. Brown*, establishing an analytical framework for the BVA's determination as to whether there has been an "increase in disability" where there is not clearly a ratable increase in disability during service. 5 Vet.App. 155, 1993 WL 158779 (1993). Consequently, it is necessary to recast the Court's remand instructions in this case in light of *Hensley*.

In *Hensley* the Court stated:

[I]n adjudicating a claim such as the present one for service connection based on aggravation under section 1153, the Board's reasons or bases must include an explanation of the criteria used by the Board to determine whether a measured worsening of the disability during service constituted an "increase in disability," and an explanation of how those criteria apply to the facts of the particular claim being decided. If the Board determines that application of the rating-schedule criteria is conclusive as to that determination, the Board must explain why it views those rating-schedule criteria as the only adequate basis for making that determination and must explain how those criteria apply to the veteran's disability as noted at entrance onto and

separation from service. If the Board concludes that the rating-schedule provisions do not provide the only adequate basis for determining whether there has been an in-service increase in disability under section 1153 from a particular disease or injury during service, the Board must explain both the criteria used to determine whether there has been an "increase in disability" with respect to that condition and the resulting evaluation of the evidence under such criteria.

*Hensley*, 5 Vet.App. at 163.

In the instant case, the Board did not explain the criteria it used to determine whether there was an increase in disability of appellant's preexisting right eye condition during service and how, pursuant to such criteria, it concluded that "it has not been shown that there was any inservice worsening of the pre-existing right eye condition." *Browder*, BVA 91–16601, at 7; *see Hensley*, 5 Vet.App. at 163. Therefore, remand is necessary in order for the Board to readjudicate appellant's claim and to issue promptly a new decision which complies with the analytical methodology laid out in *Hensley* and in this opinion, and which is supported by sufficient reasons or bases as required by 38 U.S.C.A. § 7104(d)(1). *See Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990). If on remand the Board determines that there existed an increase in appellant's right eye disability during service, the BVA must apply the presumption of aggravation, found in 38 U.S.C.A. § 1153 and 38 C.F.R. § 3.306, and explain whether or not that presumption has been rebutted by clear and unmistakable evidence. *Hensley*, 5 Vet.App. at 163.

■ We note that in its May 1991 decision, the Board discredited the results of appellant's discharge eye examination because it was based on the Snellen Test, which the Board characterized as a "subjective" testing method for which "absolute accuracy" cannot be guaranteed. *Browder*, BVA 91–16601, at 7. Whether or not any subjective factors inherent in the Snellen Test create presumptions of error or inaccuracy, it is the method used here and prescribed by VA regulation for determin-

ing visual acuity (38 C.F.R. § 4.75 (1992)), and, therefore, the BVA is required to accept the test results when making its determinations, unless there is a persuasive factual basis in an individual case, which is not present here, for rejecting such test results. The Court holds that the *Hensley* standard is not satisfied by the BVA decision on appeal because the BVA's categorical rejection of the Snellen test is not an acceptable ground for rejecting the test results as an indicator of an increase in appellant's eye disability.

### B.

In *Browder I* the Court found the BVA's December 1989 decision deficient because the Board failed to provide independent medical authority for its conclusion that "astigmatism of his right eye, shown on discharge examination, is a developmental eye defect." *George A. Browder*, 89–20390 BVA, at 4 (Dec. 28, 1989). The Court rejected this conclusory statement and stated that the BVA should have attempted to establish when appellant developed an astigmatism and whether it caused his visual acuity to decline. *Browder*, 1 Vet.App. at 207.

According to 38 C.F.R. § 3.303(c), "congenital or developmental defects, refractive error of the eye, personality disorders and mental deficiency as such are not diseases or injuries within the meaning of applicable legislation." In its decision on remand, the BVA cited medical authorities for the proposition that "although nearly all astigmatism is congenital (where heredity is the only known factor), it may also occur as a residual of trauma and scarring of the cornea, or even from the weight of the upper eyelid resting upon the eyeball.... Thus it is possible, although not conclusively shown, that the pre-service trauma played a role in the development of the veteran's myopic astigmatism." *Browder*, BVA 91–16601, at 6.

■ The Board is required to provide a written statement of the "reasons or bases" for its "findings and conclusions on all material issues of fact and law presented on the record." 38 U.S.C.A. § 7104(d)(1);

*Sammarco v. Derwinski*, 1 Vet.App. 111, 112–14 (1991); *Gilbert*, 1 Vet.App. at 56–57. The statement must be adequate to enable a claimant to understand the basis for the Board's decision, as well as to facilitate review in this Court. *See* 38 U.S.C.A. § 7104(d)(1); *Simon v. Derwinski*, 2 Vet. App. 621, 622 (1992); *Masors v. Derwinski*, 2 Vet.App. 181, 188 (1992); *Gilbert*, 1 Vet. App. at 57. After conceding that not all astigmatism is developmental, the Board did not explain how it concluded that section 3.303(c) should apply in this case. The Board's conclusory rationale that "nearly all astigmatism is congenital," is not sufficient to satisfy the requirement of 38 U.S.C.A. § 7104(d)(1) that the BVA provide a written statement of "reasons or bases" to support its findings and conclusions. *See Sammarco*, 1 Vet.App. at 114; *Gilbert*, 1 Vet.App. at 56–57; *see also Thurber v. Brown*, 5 Vet.App. 119 (1993); *Hatlestad v. Derwinski*, 3 Vet.App. 213, 217 (1992); *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991).

As in its prior decision, the BVA, in its May 1991 decision, made "no attempt to clarify or discuss how the pre-service traumatic injury or the astigmatism relate to appellant's vision problem or why it concluded that appellant's right eye was not injured during service." *Browder*, 1 Vet. App. at 208. The Board simply stated that

on the basis of the available records ... it cannot be stated with any degree of certainty what adverse effect ... the residuals of trauma and myopic astigmatism ... had on the decreased visual acuity of that eye. However, it is not necessary to do so in this case, since both clearly and unmistakably pre-existed entrance onto active duty.

*Browder*, BVA 91–16601, at 6.

■ We hold that the BVA's finding that myopic astigmatism existed prior to service is not supported by an adequate statement of reasons or bases. 38 U.S.C.A. § 7104(d)(1); *Gilbert*, 1 Vet.App. at 56–57. VA regulation 38 C.F.R. § 3.304(b) (1992) provides in pertinent part:

[T]he veteran will be considered to have been in sound condition when examined,

accepted and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable ... evidence demonstrates that an injury or disease existed prior thereto. Only such conditions as are recorded in examination reports are to be considered as noted.

Astigmatism was not listed as a prior defect, infirmity, or disorder on appellant's service entrance examination report; however, it was noted on his separation examination report. Therefore, according to the presumption of soundness enunciated in section 3.304(b), appellant's astigmatism may not be deemed to be a preservice condition unless there exists clear and unmistakable evidence to the contrary. On remand, the Board must address this issue in compliance with this opinion and the opinions cited above.

### III. CONCLUSION

Once again, the Court remands this case for a new adjudication in compliance with the Court's decision in *Hensley* and in accordance with the instructions in this opinion. If, after faithful application of the *Hensley* analysis, the BVA concludes that the veteran's right eye disability did undergo an increase in severity during service, the Board must apply the presumption of aggravation, found in 38 U.S.C.A. § 1153 and 38 C.F.R. § 3.306, unless it makes a finding, supported by "reasons or bases," that the increase was due to the natural progression of the disease. *See* 38 U.S.C.A. § 1153; 38 C.F.R. § 3.306(b). The Board shall also provide in its new decision a statement of "reasons or bases" for its finding as to whether appellant's astigmatism is a developmental defect subject to the proscription of 38 C.F.R. § 3.303(c). In addition, the Board must discuss how the preservice traumatic injury and the astigmatism affected appellant's right eye disability. *See Fletcher v. Derwinski,* 1 Vet. App. 394 (1991).

Accordingly, the Board's decision is VACATED and the matter REMANDED. Within 90 days the Secretary shall file with the Clerk and serve upon appellant a copy of the Board's new decision on remand.