STEINBERG, Judge,
dissenting:
I would deny the Secretary’s motion to dismiss and would reenter judgment and issue mandate in due course. I see no good reason to disturb the important precedents established by the Court’s April 19, 2005, opinion or to deprive a potential accrued-benefits claimant of the benefit of the Court’s reversal of the Board of Veterans’ Appeals decision denying an award of service connection- — that is, secondary service connection for the veteran’s right-hip disability. The vacatur of this Court’s opinion and the dismissal of this appeal may adversely affect Mrs. Padgett, who has submitted to the Department of Veterans Affairs (VA) under 38 U.S.C. § 5121(a) an accrued-benefits claim. Based on this Court’s reversal, Mrs. Padgett, if qualified as an accrued-benefits claimant, would be entitled to accrued benefits because the merits of her claim would necessarily have been decided by this Court’s full-Court decision to award service connection. See Browder v. Brown, 5 Vet.App. 268, 270-71 (1993) (citing City of Cleveland v. Federal Power Commission, 561 F.2d 344, 346 (D.C.Cir.1977) (noting that, under law-of-the-case doctrine, administrative agency “is without power” to act in manner inconsistent with mandate of reviewing appellate court’s decision in the case)). Based on the action being taken by the Court in vacating that reversal, Mrs. Padgett will now be required to have VA review the merits of her claim starting at the regional-office level.
As the author of both Landicho v. Brown, 7 Vet.App. 42 (1994), and Zevalkink v. Brown, 6 Vet.App. 483 (1994) (en banc), aff'd, 102 F.3d 1236 (Fed.Cir.1996), I believe it is time to reconsider this Court’s opinions in those cases in light of the circumstances of this case and in light of the Federal Circuit’s suggestion in affirming Zevalkink that this Court “could perhaps remand [to VA] the question of whether [the veteran’s widow] qualifies as an accrued[-]benefits claimant”. Zevalkink, 102 F.3d at 1244.