Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 200903-108092
DATE: September 29, 2021

ORDER

Service connection for bilateral tinnitus is granted.

Service connection for right ear hearing loss is granted.

Service connection for left ear hearing loss is denied. 

FINDINGS OF FACT

1. The probative evidence of record (including competent and credible testimony provided by the Veteran) support a finding that the Veteran experienced symptoms of tinnitus during service because of military noise exposure and that these symptoms have persisted since service.

2. A March 2011 VA audiological examination indicates that the Veteran has right ear hearing loss for VA compensation purposes. The Veteran was exposed to hazardous noise exposure during service and has provided competent and credible statements that he began experiencing hearing loss while in service. 

3. The evidence of record, including an August 2020 VA medical opinion, explained that the Veteran's pre-existing left ear hearing loss was not aggravated beyond its natural progression during his active duty military service.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral tinnitus have been met. 38 U.S.C. § 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria have been met for service connection for right ear hearing loss. 38 U.S.C. § 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385.

3. The criteria have not been met for service connection for left ear hearing loss. 38 U.S.C. § 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1964 to March 1968. These matters come before the Board of Veterans' Appeals (Board) on appeal from an August 2020 Rating Decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in various sections of 38 U.S.C. § 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA)). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. This law went into effect in February 2019.

In September 2020, the Veteran appealed to the Board and selected the Hearing lane (that is, requesting a hearing with a Veterans Law Judge) when he opted into the AMA review system. 

The Board hearing took place with the undersigned in April 2021; a transcript is associated with the record.

The Veteran's claims for service connection for bilateral hearing loss and tinnitus were initially denied in a June 2011 rating decision. In its August 2020 rating decision, the RO reopened the Veteran's claim for service connection for bilateral tinnitus. Regarding the Veteran's claim for bilateral hearing loss, the RO adjudicated the issue on the merits and did not specifically address whether new and material evidence was submitted. This claim, while now under AMA rules, originated in the legacy era prior to February 2019, and the term "new and material" evidence was used in the former regime. Hence, the Board concludes there was an implicit finding of new and material evidence by the agency of original jurisdiction (AOJ). The Board is bound by this favorable finding. See 38 C.F.R. § 3.104 (c).

1. Service connection for bilateral tinnitus is granted.

Legal Criteria

Service connection may be granted for disability arising from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a causal relationship or nexus between the current disability and any injury or disease during service.

Factual Background

The Veteran's service records indicate that he worked as an ordnance mechanic. The Veteran reported that during service he worked on and around aircraft on the flight line and on carrier decks. The Veteran explained that his bilateral tinnitus is a direct result of the extreme noise of jet aircraft operation. See April 2011 correspondence. 

At a March 2011 VA examination, the Veteran reported that he has tinnitus most of the time. The Veteran further reported that his tinnitus had been present since the time he got out of service. The Veteran explained that his tinnitus was periodic at that time and couple years later became more prominent. The conducting physician opined that it was less likely than not that the Veteran's bilateral tinnitus was causally related to his service. As a rationale, the physician explained that the Veteran's service records do not support his claim. The physician explained that the Veteran's separation audiological examination showed normal hearing in both ears. The physician opined that since tinnitus is associated with hearing loss and the evidence indicated that the Veteran's hearing loss occurred after leaving service, then the Veteran's tinnitus was likely secondary to hearing loss and also occurred after leaving the service. 

At a March 2017 medical treatment, the Veteran indicated that his bilateral tinnitus was constant and long-standing. 

At an August 2020 VA examination, the Veteran reported that he has constant tinnitus. The conducting physician opined that it was less likely than not the Veteran's bilateral tinnitus was causally related to his service. As a rationale, the conducting physician explained that the Veteran could not specify when his tinnitus began or what caused it. The physician further explained that there were no prior reports of tinnitus in his file. 

At the Board hearing, the Veteran testified that he was exposed to loud jet noises during service and that toward the end of service he noticed his ears were ringing. The Veteran further testified that his ears continued to ring after discharge. 

Analysis

The evidence of record indicates that the Veteran has a current diagnosis of tinnitus. Specifically, the March 2011 VA examination indicates that the Veteran was diagnosed with tinnitus.

The Board also finds the Veteran competent and credible to testify and report that he experienced tinnitus during service because such symptoms are readily observable. See Layno v. Brown, 6 Vet. App. 465, 471 (1994). Additionally, the Board finds that the Veteran experienced acoustic trauma during service given that he was exposed to loud jet noises. 

Turning to the question of whether there is a nexus, or causal link, between the current shown disability and service, the Board finds that the evidence shows the Veteran's tinnitus began during service and has persisted since that time. While the Veteran did not report symptoms of tinnitus on his exit examination and was not formally diagnosed until March 2011, the Veteran has reported and provided credible testimony that he has experienced continuous tinnitus since exiting from service. 

The Board cannot assign probative value to the March 2011 VA examiner's opinion because they only addressed whether the Veteran's diagnosed tinnitus was related to his bilateral hearing loss. The examiner did not provide an opinion as to whether the Veteran's tinnitus was related to acoustic trauma during active service. Because of this, the March 2011 opinion is inadequate. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

The Board cannot assign probative value to the August 2020 VA examiner's opinion because they indicated that there were no prior reports of tinnitus in the file. This is factually incorrect because there are several reports of tinnitus documented in the claims file prior to the August 2020 VA examination. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); see also Reonal v. Brown, 5 Vet. App. 458, 460-61 (1993) (holding that medical opinions based on incomplete or inaccurate factual premise are not probative). 

Accordingly, the Board finds that the preponderance of the evidence is in favor of a finding that the Veteran's tinnitus had its onset during service and has persisted since.

As such, service connection for bilateral tinnitus is granted. 

2. Service connection for right ear hearing loss is granted.

Legal Criteria

For purposes of applying VA laws, impaired hearing is considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, and 4000 hertz (Hz) is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Factual Background

The Veteran's right ear hearing levels were within normal upon entry into the service. The Veteran was provided an audiological examination during his separation during which he did not exhibit any levels of right ear hearing loss for VA compensation purposes. See service treatment records. 

The Veteran was afforded a March 2011 VA audiological examination, during which pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 25 25 25 25 40

LEFT 15 10 15 30 40

Speech audiometry revealed speech recognition ability of 100 percent in the right ear and of 96 in the left ear. The Veteran reported that he first became aware of his hearing loss in the service. 

The conducting physician opined that it was less likely than not that the Veteran's bilateral hearing loss was causally related to service. As a rationale, the physician explained that the Veteran's separation examination showed normal hearing in both ears. The physician further explained that the configuration of the Veteran's hearing loss was not consistent with history of noise exposure. The physician opined that the Veteran's hearing loss occurred after leaving the service. 

The Veteran was later afforded an August 2020 VA examination during which pure tone thresholds, in decibels, were as follows: 

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 25 35 30 60 55

LEFT 20 25 25 55 55

Speech audiometry revealed speech recognition ability of 98 percent in the right ear and of 96 in the left ear.

The conducting physician opined that it was less likely than not that the Veteran's right ear hearing loss is causally related to his service. As a rationale, the physician explained that although it is very likely the Veteran was exposed to acoustic trauma during service, there is no evidence of a shift in hearing during his time in service. The physician further explained that the Veteran's separation audiogram showed no shift compared to his enlistment examination. 

Analysis

The Veteran has a current right ear hearing loss disability for VA purposes according to the results of the audiological examination in March 2011. 

Additionally, the Board finds, based on the Veteran's competent and credible statements combined with the type of work he did during service, that the Veteran was exposed to hazardous levels of noise during service and that this caused acoustic trauma which constitutes an in-service injury. See Reeves v. Shinseki, 682 F.3d 988, 999 (Fed. Cir. 2012) (accepting acoustic trauma due to loud noise as satisfying the in-service injury element of a service connection claim). 

The remaining question is whether there is evidence of a nexus (causal link) between the claimed current disability and the in-service event. 

The Board finds the Veteran's statements that his right ear hearing loss began during service to be competent and credible. See Layno supra. 

The Board cannot assign probative value to the March 2011 and August 2020 VA examiners' opinions because neither considered the Veteran's competent and credible reports that his hearing loss had its onset during service and has continued since. See Dalton v. Nicholson, 21 Vet. App. 23 (2007) (an examination must consider lay evidence of in-service incurrence or continuity of symptoms since service).

Accordingly, the evidence is at least evenly balanced for and against ("in relative equipoise") a finding that the Veteran's right ear hearing loss was incurred during service and has continued until present time. 

As such, service connection for right ear hearing loss is granted. 

3. Service connection for left ear hearing loss is denied.

Legal Criteria

A veteran is presumed to be in sound condition, except for defects, infirmities or disorders noted when examined, accepted, and enrolled for service, or where clear and unmistakable evidence establishes that an injury or disease existed prior to service and was not aggravated by service. 38 U.S.C. § 1111.

A preexisting disease will be presumed to have been aggravated by military service when there is an increase in disability during such service, unless there is a specific finding that the increase is due to the natural progress of the disease. See 38 U.S.C. § 1153; 38 C.F.R. § 3.306 (a). In deciding an aggravation claim, the Board must determine, after having found the presence of a preexisting condition, whether there has been any measurable worsening of the disability during service and whether such worsening constitutes an increase in disability. See Browder v. Brown, 5 Vet. App. 268, 271 (1993); Hensley v. Brown, 5 Vet. App. 155, 163 (1993). If the presumption of aggravation under § 1153 arises, clear and unmistakable evidence (obvious or manifest) is required to rebut this presumption. See 38 C.F.R. § 3.306 (b).

Factual Background

At the Veteran's entrance audiological examination, the Veteran's pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 0 0 0 - 0

LEFT 0 60 60 - 45

At the Veteran's separation audiological examination, the Veteran's pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT -5 -5 -5 10 5

LEFT 5 -5 -5 5 10

At the August 2020 VA examination, the conducting physician opined that it was less likely than not that the Veteran's pre-existing left ear hearing loss was aggravated beyond normal progression in military service. As a rationale, the physician explained that although it is very likely the Veteran was exposed to acoustic trauma during service, there is no evidence of a shift in hearing during his time in service. The physician further explained that the Veteran's separation audiogram showed an improvement in hearing compared to his enlistment.

Analysis

The Veteran has a current left ear hearing loss disability for VA purposes according to the results of the audiological examination in March 2011. Because the Veteran displayed left ear hearing loss for VA compensation purposes during his entrance audiological examination, the presumption of soundness for the Veteran does not apply.

Because the Veteran's disability was noted on his entrance examination and pre-existed service, his claim for service connection becomes one of aggravation. After reviewing the Veteran's claims file, the Board finds that there is no evidence that the Veteran's pre-existing left ear hearing loss underwent an increase in severity during service. 

The Veteran's service treatment records do not show a significant shift in left ear auditory thresholds during service but rather, an improvement. Additionally, the August 2020 examiner opined that it was less likely than not that the Veteran's right ear hearing loss was aggravated by his active service. This opinion was supported by the lack of significant worsening between the entrance and separation examinations. The Board finds that the examination report and opinions, taken as a whole, are legally adequate. As such, the Board assigns probative value to the August 2020 VA examiner's opinion. 

Accordingly, the Board finds that the preponderance of the evidence is against a finding that the Veteran's pre-service left ear hearing loss increased in severity during service beyond its natural progression. Thus, service connection for left ear hearing loss is not warranted.

 

 

David Gratz

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Alexander Bahus

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.