**Maria C. NEVES, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 93–270.**

United States Court of Veterans Appeals.

Sept. 30, 1993.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

## ORDER

PER CURIAM.

The veteran, Antonio F. Neves, Jr., had recognized guerilla service from July 1943 to August 1945. On April 30, 1990, the Board of Veterans' Appeals (Board or BVA) issued a decision denying entitlement to service connection for the cause of the veteran's death. Appellant, Maria C. Neves, filed an appeal from the BVA's April 30, 1990, decision.

This Court summarily affirmed the Board's decision on October 3, 1991. *Neves v. Derwinski*, 1 Vet.App. 618 (1991) (table), *appeal dismissed, Neves v. Derwinski*, 965 F.2d 1064 (Fed.Cir.1992) (table). On September 22, 1992, the BVA received appellant's request for reconsideration of the BVA's April 30, 1990, decision. On March 1, 1993, appellant's motion for reconsideration was denied by direction of the BVA Chairman (Chairman). On March 23, 1993, appellant filed a Notice of Appeal (NOA) from the March 1, 1993, denial of her motion for reconsideration. On July 12, 1993, the Court ordered the Secretary to file the designation of the record on appeal.

On August 13, 1993, the Secretary filed a motion to dismiss, to vacate the Court's July 12, 1993, order, and to stay further proceedings. The Secretary attached a preliminary record containing, inter alia, copies of (1) the BVA's April 30, 1990, decision; (2) appellant's September 22, 1992, motion for reconsideration; and (3) the Chairman's March 1, 1993, denial of appellant's motion for reconsideration. As grounds for dismissal, the Secretary contends that (1) the appeal is barred by the doctrine of res judicata as a result of this Court's earlier affirmance of the BVA decision on the merits; (2) the Court lacks subject matter jurisdiction over the appeal because appellant's NOA was untimely under *Rosler v. Derwinski*, 1 Vet.App. 241 (1991); and (3) although the Court has jurisdiction over the appeal, it is precluded from exercising such jurisdiction under this Court's recent holding in *Patterson v. Brown*, 5 Vet.App. 362 (1993).

■ The Court rejects the Secretary's first and second bases for dismissal. As the Secretary notes in his brief, in order for res judicata to apply four elements must be present: (1) the Court's prior decision must be a valid and final judgment; (2) the latter suit must involve the same claim or cause of action litigated in the first suit; (3) the decision in the original action must have been on the merits; and (4) the same parties must be involved in both cases. *See DeVries v. United States*, 28 Fed.Cl. 496, 498 (1993); *Mosca v. United States*, 224 Ct.Cl. 678, 679, 650 F.2d 288 (1980). Elements 1, 3, and 4 each

are satisfied. However, contrary to the Secretary's arguments in his motion, appellant is not requesting this Court to relitigate the merits of the BVA's April 30, 1990, decision, which was previously reviewed by this Court in its October 3, 1991, decision. Rather, appellant is seeking this Court's review of a separate, subsequent decision: the Chairman's March 1, 1993, denial of appellant's motion for reconsideration of the BVA's April 1990 decision. *See Patterson, supra.* Accordingly, because this appeal does not involve the same claim or cause of action previously litigated in the first action, element 2 is not satisfied and res judicata is not applicable.

■ Similarly, the Secretary's argument that appellant's NOA was untimely is equally without merit and his reliance on this Court's decision in *Rosler* is misplaced. In *Rosler*, the appellant was seeking to appeal *the underlying BVA decision on the merits* after filing an unsuccessful motion for reconsideration with the Chairman. *Rosler*, 1 Vet.App. 241. This Court held that the finality of an initial BVA decision will be abated by an appellant's motion for reconsideration filed during the 120–day judicial appeal period and a new 120–day period to file an NOA as to the BVA decision will begin to run on the day on which the BVA mails notice of its denial of reconsideration to the appellant. *Id.* at 249. In this case, however, unlike the situation presented in *Rosler*, appellant is seeking this Court's review of *the Chairman's denial of reconsideration*; she is not requesting this Court to review the merits of the underlying BVA decision. Section 7266(a) of title 38 of the United States Code provides that "[i]n order to obtain review by the Court of Veterans Appeals of a final decision of the Board . . ., a person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed. . . ." 38 U.S.C.A. § 7266(a) (West 1991). In *Patterson*, this Court held that it has jurisdiction to review the Chairman's denial of a motion for reconsideration where a timely NOA is filed with the Court from the Chairman's decision. *Patterson*, 5 Vet.App. 362, at 364 (citing *Cer-*

*ullo v. Derwinski,* 1 Vet.App. 195, 200 (1991)). Pursuant to *Patterson,* because appellant filed an NOA within 120 days after the date on which the BVA Chairman sent notice of the denial of appellant's motion for reconsideration, this Court has jurisdiction to review the Chairman's decision. *Id.*

■■ However, although this Court has jurisdiction to review the Chairman's denial of appellant's motion for reconsideration, the Court agrees with the Secretary that it is precluded from exercising that jurisdiction in this case, just as it was in *Patterson.* In *Patterson,* the Court noted that whether or not it will exercise its jurisdiction will depend on the basis of the motion for reconsideration. *Id.,* 5 Vet.App. 362, at 365. Where the motion is based on "new evidence" or "changed circumstances," the Court "might" exercise jurisdiction. *Id.* However, where the motion is based on "material error," i.e., the same record that was before the agency of original jurisdiction when it rendered its initial decision, the Court will not exercise its jurisdiction to review the Chairman's denial of reconsideration. *Id.* (citing *I.C.C. v. Locomotive Engineers,* 482 U.S. 270, 284, 107 S.Ct. 2360, 2368, 96 L.Ed.2d 222 (1987)) ("[The Chairman's] refusal to go back over ploughed ground is nonreviewable.").

■ Here, in her September 1992 motion for reconsideration, appellant contended that the BVA's April 30, 1990, decision ignored certain medical evidence in the record. To the contrary, however, it appears that the BVA specifically discussed the evidence referred to by appellant in her motion for reconsideration. *See Maria C. Neves,* BVA ——, at 4 (April 30, 1990). Accordingly, because appellant's motion for reconsideration was based on asserted material error, rather than new evidence or changed circumstances, the Court will not exercise its jurisdiction to consider appellant's challenge to the Chairman's denial of her motion for reconsideration. *See Patterson, supra.*

■ On September 10, 1993, during this Court's review of the Secretary's motion, appellant filed a motion for a 60–day stay of proceedings to enable her to appoint the Veterans' Consortium Pro Bono Program as her legal representative. In view of the jurisdictional basis of the holding today, the Court has deemed such a stay to be unwarranted.

In consideration of the foregoing, it is

ORDERED that the Court's July 12, 1993, order to designate the record on appeal is vacated. It is further

ORDERED that the Secretary's motion is granted and the appeal of the Chairman's denial of reconsideration is dismissed. It is further

ORDERED that appellant's motion for a stay of proceedings is denied. However, the Clerk of the Court is directed to stay the entry of judgment until 90 days after the date of this Order.

STEINBERG, Judge, concurring in part and dissenting in part:

I concur with the Court's rejection of the Secretary's first and second bases for proposing dismissal of the appeal. However, I believe that appellant's September 10, 1993, motion for a 60–day stay of proceedings in order to seek counsel to represent her before the Court should be granted. Although perhaps such a request could properly be denied under extraordinary circumstances, this case certainly presents no such circumstances. The pro se appellant has had no opportunity even to file a brief in support of her appeal.

Moreover, although I tend to agree with the Court that dismissal under *Patterson v. Brown,* 5 Vet.App. 362 (1993), is indicated, I do not believe the Court should order dismissal without first issuing a show-cause order to an appellant, especially where she is seeking to retain counsel to represent her. Although, in its dismissal of her appeal, the Court has allowed appellant a period of 90 days, rather than the usual 44 (*see* U.S. Vet.App.R. 35(b) (motion for reconsideration and/or review may be filed within 14 days after Court's decision), 26(c) (additional 30 days added to filing period for appellants located in Philippines)) before judgment is to be entered—presumably to allow her more readily to move for reconsideration or en banc review, with or without counsel, of the Court's dismissal order—either such alterna-

tive unfairly places procedural barriers in the path of the exercise of her right to be heard on whether her appeal should be dismissed. An appellant moving for panel reconsideration of its decision has the unenviable burden of convincing three (or here two) judges that they were mistaken. An appellant requesting en banc review faces the extremely difficult task of demonstrating that such review is "necessary to secure or maintain uniformity of decision among panels", that "the case involves a question of exceptional importance", or that "other unusual circumstances" warrant review by the full Court. *See Mata v. Brown,* 4 Vet.App. 276 (1993) (per curiam order); Internal Operating Procedures V.(b). Even if successful in gaining en banc review, an appellant would still have to convince a majority of the seven-judge Court that the panel decision was wrong. No appellant in the history of the Court has prevailed on such a motion, let alone been successful in overturning an adverse panel decision.

I find unseemly the majority's haste to slam shut the door to judicial review, while throwing to the appellant widow an unpalatable panel-reconsideration or en-banc-review "bone". She should have her day in Court about whether she can have her day in court on her appeal, and she should not have to overcome any artificial barriers along the way.