David R. McCALL, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–680.

United States Court of Veterans Appeals.

Feb. 15, 1994.

Before KRAMER, FARLEY, and IVERS, Judges.

## ORDER

PER CURIAM.

On October 10, 1990, the Board of Veterans' Appeals (BVA or Board) issued a decision denying appellant's claim for service connection for post-traumatic stress disorder (PTSD) and related multiple substance abuse. On July 31, 1991, appellant filed a Notice of Appeal (NOA) of the October 1990 decision. *McCall v. Principi*, 4 Vet.App. 263 (*McCall I*). Following the filing of appellant's brief, the Secretary filed a motion for remand, for acceptance of the motion in lieu of a brief, and for a stay of proceedings. The Secretary requested that the Court remand the matter because, in the Secretary's view, the BVA's October 1990 decision was not in compliance with a number of decisions of this Court, including *Gilbert v. Derwinski*, 1 Vet. App. 49 (1990); *Colvin v. Derwinski*, 1 Vet. App. 171 (1991); *Wood v. Derwinski*, 1 Vet. App. 190 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164 (1991).

The Secretary's motion for remand was not acted upon because there was a threshold jurisdictional impediment. On December 4,

1992, this Court issued an order directing appellant to show cause why his appeal should not be dismissed on jurisdictional grounds for failure to file an NOA within the 120–day time limit under 38 U.S.C. § 7266(a). On January 13, 1993, the Court dismissed appellant's case for lack of jurisdiction. *McCall v. Principi,* 4 Vet.App. 263 (1993). Appellant did not appeal that decision and the Court issued its mandate on April 20, 1993.

By letter dated January 28, 1993, appellant's counsel requested reconsideration by the BVA of its October 10, 1990, decision, alleging that the decision contained obvious errors of law and fact. In support of his request, appellant made specific reference to the errors described by the Secretary and attached a copy of the Secretary's motion for remand. In a letter dated June 3, 1993, the Deputy Vice Chairman of the BVA denied appellant's motion for reconsideration.

On July 19, 1993, appellant filed with this Court an NOA seeking review of the denial of his motion for reconsideration. *McCall v. Brown,* U.S.Vet.App. No. 93–680. On September 23, 1993, the Secretary filed a motion to dismiss, to vacate the Court's August 24, 1993, notice to designate the record, and to stay further proceedings, along with supporting points and authorities. As grounds for dismissal, the Secretary contends in the alternative that (1) the appeal is barred by the *law of the case* doctrine; (2) the Court lacks subject matter jurisdiction over the appeal because appellant's NOA was untimely under *Rosler v. Derwinski,* 1 Vet.App. 241 (1991); and (3) even if the Court has jurisdiction over the appeal, it is precluded from exercising such jurisdiction under this Court's recent holding in *Patterson v. Brown,* 5 Vet.App. 362 (1993). On November 15, 1993, appellant filed an opposition to the Secretary's motion. For the reasons set forth below, the Court rejects each of the Secretary's bases for dismissal.

### I. *Law of the Case* Doctrine

■ Under the *law of the case doctrine,* courts generally will not review or reconsider issues which already have been decided in a previous appeal. *See Browder v. Brown,* 5 Vet.App. 268 (1993); *see also Kori Corp. v.*

*Wilco Marsh Buggies & Draglines,* 761 F.2d 649, 657 (Fed.Cir.1985). In *Browder,* this Court discussed at length the doctrine of *law of the case:*

> Under the doctrine of "law of the case," questions settled on a former appeal of the same case are no longer open for review. The U.S. Supreme Court stated the rule with regard to its own opinions:
>
>> When a case has been once decided by this Court on appeal, and remanded to the circuit court, whatever was before the court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate.

*Id.,* 5 Vet.App. at 270 (citing *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255–56, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895); 32 Am. Jur.2d, Federal Practice and Procedure, § 354).

As noted *supra,* in *McCall I,* this Court dismissed appellant's appeal solely on jurisdictional grounds, i.e., for failure to file a timely NOA. The Court did not address the merits of appellant's claim for service connection for PTSD and multiple substance abuse. Nor was the Court called upon to review the Deputy Vice Chairman's subsequent decision to deny reconsideration at the administrative level. Therefore, contrary to the Secretary's contentions in his motion, the BVA Deputy Vice Chairman's decision to deny reconsideration—the issue currently on appeal—is not a "question[ ] settled on a former appeal of [this] same case"; accordingly, the *law of the case* doctrine is inapplicable. *See Browder.*

### II. Untimely NOA under *Rosler*

■ Similarly, the Secretary's argument that appellant's NOA was untimely is without merit and his reliance on this Court's decision in *Rosler* is misplaced. *See Neves v. Brown,* 6 Vet.App. 177 (1993). In *Rosler,* the appellant was seeking to appeal *the underlying BVA decision on the merits* after filing an unsuccessful motion for reconsideration with the Chairman. *Id.,* 1 Vet.App. at 242–44. This Court held that the finality of an initial BVA decision will be abated by an appellant's motion for reconsideration filed

during the 120–day judicial appeal period and a new 120–day period to file an NOA as to the BVA decision will begin to run on the day on which the BVA mails notice of its denial of reconsideration to the appellant. *Id.* at 249. Here, however, unlike the situation presented in *Rosler,* appellant has requested this Court's review of *the Deputy Vice Chairman's denial of reconsideration;* he is not requesting this Court to review the merits of the underlying BVA decision. *See Neves, supra.*

Section 7266(a) of title 38 of the United States Code provides that "[i]n order to obtain review by the Court of Veterans Appeals of a final decision of the Board ..., a person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed...." 38 U.S.C. § 7266(a). In *Patterson,* 5 Vet.App. at 364–65 (citing *Cerullo v. Derwinski,* 1 Vet.App. 195, 200 (1991)), this Court held that it has jurisdiction to review the Chairman's denial of a motion for reconsideration provided a timely NOA is filed with the Court from the Chairman's decision. Here, because appellant filed an NOA within 120 days after the date on which the BVA Deputy Vice Chairman sent notice of the denial of appellant's motion for reconsideration, this Court has jurisdiction to review the Deputy Vice Chairman's decision. *See Patterson, supra; Neves, supra.*

### III. Exercise of Jurisdiction Under *Patterson*

In *Patterson,* the Court held that it has jurisdiction to review denials of reconsideration. *Id.,* 5 Vet.App. at 365. The question that remains is whether this Court should exercise its jurisdiction to review the Deputy Vice Chairman's denial of appellant's motion for reconsideration.

Whether or not the Court may exercise jurisdiction to review a denial of BVA reconsideration will depend on the basis of the motion for reconsideration. *Id.; see also Neves, supra.* Where the motion is based on "new evidence" or "changed circumstances," the Court "may" exercise jurisdiction. *See Patterson,* 5 Vet.App. at 365. Where the

motion merely asks the BVA to issue a new decision on the same record that was before the agency when it rendered its initial decision, the Court will not exercise its jurisdiction to review the Chairman's denial of reconsideration. *Id.* (citing *I.C.C. v. Locomotive Engineers,* 482 U.S. 270, 284, 107 S.Ct. 2360, 2368, 96 L.Ed.2d 222 (1987) ("[The I.C.C. Chairman's] refusal to go back over ploughed ground is nonreviewable.")).

The Secretary has promulgated specific regulatory bases for the BVA's reconsideration of a prior decision. The pertinent regulation provides:

> Reconsideration of an appellate decision may be accorded at any time by the Board of Veterans' Appeals on motion by the appellant or his or her representative or on the Board's own motion:
>
> (a) Upon allegation of obvious error of fact or law;
>
> (b) Upon discovery of new and material evidence in the form of relevant records or reports of the service department concerned; or
>
> (c) Upon allegation that an allowance of benefits by the Board has been materially influenced by false or fraudulent evidence submitted by or on behalf of the appellant.

38 C.F.R. § 20.1000 (1993).

The instant appeal presents a unique situation, unlike that in *Patterson.* Here, the Secretary, through his counsel, has characterized his own decision, through the BVA, as containing legal error. We thus are presented not only with an *allegation* of obvious error of fact or law by a claimant but also with an *admission* of such error by the Secretary. As noted *supra,* in *McCall I,* before this Court dismissed appellant's earlier appeal because of an untimely NOA, the Secretary urged a remand, noting that (1) the BVA decision did not clearly state whether the Board accepted as fact that the veteran had participated in combat; (2) the Board refuted diagnoses of PTSD of record, based on its own unsubstantiated medical conclusions; (3) the Board did not properly address whether there had been corroboration of the alleged reported stressors; (4) the Board failed to clarify the possibility that appel-

lant's background of alcohol abuse may have been related to, or indicative of, his claimed PTSD; and (5) the Board failed to make valid credibility determinations of the medical diagnoses of record. The Secretary's concessions of error in his own decision constitute "changed circumstances" of the sort which compel the exercise rather than the declination of jurisdiction by the Court.

On consideration of the foregoing, it is

ORDERED that the Secretary's September 23, 1993, motion to dismiss, to vacate the Court's August 24, 1993, notice to designate the record, and to stay further proceedings is denied; it is further

ORDERED that, under U.S.Vet.App.R. 10, the Secretary shall designate the record on appeal within thirty days after the date of this order.