http://www.va.gov/vetapp16/Files4/1634324.txt

Citation Nr: 1634324 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 05-20 986 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts

THE ISSUES

1. Entitlement to service connection for degenerative joint disease of the left knee.

2. Entitlement to service connection for a lumbar spine disability.

3. Entitlement to service connection for a cervical spine disability.

4. Entitlement to service connection for limitation of motion of the right knee.

5. Evaluation of bilateral hearing loss disability, currently rated as 40 percent disabling prior to November 17, 2008 and as 50 percent disabling thereafter.

6. Evaluation of carpal tunnel syndrome of the left hand, currently rated as 10 percent disabling.

7. Evaluation of carpal tunnel syndrome (CTS) of the right hand, currently rated as 10 percent disabling.

8. Entitlement to an earlier effective date, prior to April 5, 2013, for the grant of service connection for carpal tunnel syndrome (CTS) of the bilateral hands. 

9. Entitlement to service connection for arthritis of the bilateral hands.

REPRESENTATION

Appellant represented by: Barbara B. Harris, Attorney at Law

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

E.I. Velez, Counsel

INTRODUCTION

The Veteran had active service from July 1957 to July 1960.

These matters come before the Board of Veterans' Appeals (Board) on appeal from April 2003 and March 2014 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts. 

In June 2006, a Travel Board hearing was held before a Veterans Law Judge (VLJ) and a transcript of that hearing is of record. In a November 2015 letter, the Veteran was informed that the VLJ who conducted the June 2006 hearing no longer worked at the Board. The Veteran was given the opportunity to have a new hearing. In March 2016, the Veteran testified at a hearing before the undersigned VLJ. A transcript of the hearing has been associated with the claim file. 
The claim was previously remanded in April 2007, June 2008 and August 2014.

In August 2014, the Board granted entitlement to service connection for carpal tunnel syndrome of the bilateral hands. At the time, the issue before the Board was service connection for a bilateral hand disability to include CTS and arthritis. The record does reflect the Veteran has been diagnosed with arthritis of the hands. While service connection has been granted for CTS, this is a separate and distinct disability from the arthritis of the hands. Indeed, CTS is a neurological disorder while arthritis is an orthopedic disorder. Therefore, the issue of entitlement to service connection for arthritis of the bilateral hands continues to be on appeal despite the grant of service connection for CTS. Accordingly the issues on the title page have been amended to reflect this. 

During his March 31, 2016 hearing before the undersigned, the Veteran attempted to raise the issues of entitlement to service connection for a right shoulder, elbow and forearm disability. Effective on March 24, 2015, VA amended its rules as to what constitutes a claim for benefits; such now requires that claims be made on specific claim form prescribed by the Secretary, and available online or at the local Regional Office. The Veteran is advised that if he wishes to open a claim, he do so using the prescribed form either in person or online (https://www.ebenefits.va.gov/ebenefits/).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

This appeal has been processed in part through VA's Virtual Benefits Management System (VBMS) paperless claims file system.

The issues of entitlement to service connection for degenerative joint disease of the left knee, a lumbar spine disability, a cervical spine disability, a disability of the right knee, and arthritis of the bilateral hands, and, the disability ratings for CTS of the right and left hands, and bilateral hearing loss disability are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.
FINDING OF FACT

The Veteran's claim for bilateral carpal tunnel syndrome was received on January 24, 2013.

CONCLUSION OF LAW

The criteria for an earlier effective date of January 24, 2013, but no earlier, for the award of service connection for bilateral carpal tunnel syndrome are met. 38 U.S.C.A. §§ 5107, 5110 (West 2002); 38 C.F.R. §§ 3.102, 3.400 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Assist and Notify

In correspondence dated in January 2014, the RO satisfied its duty to notify the Veteran under 38 U.S.C.A. § 5103(a) (West 2014) and 38 C.F.R. 
§ 3.159(b) (2015). Specifically, the RO notified the Veteran of: information and evidence necessary to substantiate the claim; information and evidence that VA would seek to provide; and information and evidence that the Veteran was expected to provide. The letter also notified the Veteran of the process by which disability ratings and effective dates are established. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

The Veteran's claim for an earlier effective date for the grant of service connection for CTS of the bilateral hands arises from his disagreement with the effective date assigned following the grant of entitlement to service connection. Once a claim is granted, it is substantiated and additional notice is not required. Thus, any defect in the notice is not prejudicial. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007). Furthermore, because the application of the law to the undisputed facts is dispositive of this appeal, no discussion of VA's duties to notify and assist is necessary . See Mason v. Principi, 16 Vet. App. 129 (2002).

The Board additionally observes that all appropriate due process concerns have been satisfied. See 38 C.F.R. § 3.103 (2015). The Veteran has been accorded the opportunity to request evidence and argument in support of his claim. As noted above, the Veteran presented testimony before a Veterans Law Judge. Therefore, the duties to notify and assist have been met.

Legal Criteria and Analysis

The Veteran is seeking an effective date prior to April 5, 2013 for the award of service connection for bilateral carpal tunnel syndrome (CTS). He contends the effective date should be January 18, 2013 as that is the date of the letter wherein he first raised the claim. 

Applicable regulations provide that the effective date for a grant of compensation benefits will generally be the date of receipt of the claim or the date entitlement arose, whichever is later. No special case, as with claims received within one year of separation from service, applies. 38 C.F.R. § 3.400.

A review of the file shows that in a letter dated on January 18, 2013 and received by the RO on January 24, 2013, the Veteran's attorney specifically stated that "Mr. Kovall is claiming bilateral hands disorder to include carpal tunnel syndrome (CTS)." The attorney explained that the Veteran had injured his arms leading to the bilateral CTS, when he jumped off his ship in service. The letter has a handwritten notation with a bracket noting "new." At the time, the evidence showed the Veteran had been diagnosed with bilateral CTS. 

In March 2014, the Veteran's claim of entitlement to service connection for bilateral CTS was denied. The Veteran appeal the denial, and in an August 2014 decision, the Board granted service connection for bilateral CTS. The grant was based on findings of a diagnosis of CTS and on in-service trauma when the Veteran jumped off the bow of his ship. 

Upon review of the evidence above, the Board finds that a claim for service connection for bilateral CTS was received by the RO on January 24, 2013. At the time, there was evidence of CTS and allegations of an in-service injury which later were the basis for the grant of service connection. Therefore, not only was the claim received on January 24, 2013, but entitlement also had been established on that date. A review of the file shows that there is no prior communication, prior to the letter received on January 24, 2013, from the Veteran which can be construed as a claim for service connection for bilateral hearing loss. While, the Veteran has argued that he filed a claim for service connection for CTS on January 18, 2013 as that is the date of the letter where he raised the issue, as noted above, the date of the claim is not the date of the communication, but rather the date of receipt of the communication by the RO. See 38 C.F.R. § 3.400. Accordingly, the Board finds the appropriate effective date is January 24, 2013, the date of receipt of the claim.

ORDER

An earlier effective date of January 24, 2013, for the grant of service connection for bilateral CTS, is granted.

REMAND

The Veteran seeks service connection for degenerative joint disease of the left knee, a disability of the lumbar and cervical spines, a disability of the right knee, and arthritis of the bilateral hands. He also seeks an increased disability rating for CTS of the bilateral hands and bilateral hearing loss disability. After a review of the claim file, the Board finds that additional development is needed prior to deciding these issues. 

With regard to the service connection claims, the Veteran has asserted that he jumped into the water from the bow of his ship during service. He stated that he experienced a burning sensation in both arms. He has asserted that he caused trauma to his back, neck, knees, and hands but did not seek immediate medical treatment and this trauma has led to his current disabilities of the back, neck, bilateral knees and arthritis of the hands. In the August 2014 decision, the Board found that the Veteran's accounts of jumping from a ship in service which led to trauma had been confirmed by the record. Indeed, the confirmed trauma in service in addition to a medical opinion were the basis for the Board's grant of service connection for CTS of the bilateral hands. 

Under the doctrine of law of the case, questions settled on a former appeal of the same case are no longer open for review. See Browder v. Brown, 5 Vet. App. 268, 270 (1993). The "law of the case" doctrine operates to preclude reconsideration of identical issues." Johnson v. Brown, 7 Vet.App. 25, 26 (1994). As such, judicial bodies will not generally review or reconsider issues that already have been decided in a previous appeal. See McCall v. Brown, 6 Vet. App. 215 (1994) (citing Kori Corp. v. Wilco Marsh Buggies & Draglines, 761 F.2d 649, 657 (Fed. Cir. 1985); Browder. In light of the foregoing, under the law of the case doctrine, the Board accepts the Veteran's account of jumping off a ship in service which caused potential trauma to his body. 

Having determined that the Veteran did jump off a ship in service and considering the Veteran's argument that he had in-service trauma to the neck, back, bilateral knees, and hands as a result of said jump, the Board finds that a medical opinion as to whether any current disability of the back, neck, bilateral knees and arthritis of the hands is related to this claimed trauma in service is needed prior to deciding the claim. While the Veteran has been afforded VA examinations previously, the opinions provided have been based on the absence of corroborating evidence of the claimed trauma. However, given the above, an opinion based on the corroboration of the occurrence of the claimed in-service trauma is needed.

As to the CTS of the bilateral hands, at the March 2016 hearing the Veteran testified that his CTS had increased in severity since the most recent VA examination of January 2015. While ordinarily the Board would consider a VA examination of just over a year old not to be stale for adjudicatory purposes, the January 2015 VA examiner noted in the examination that there were discrepancies between the subjective and the objective symptomatology. The examiner noted that given the discrepancies it may be that only upper extremity EMG/NCV study performed by a neurologist will provide any true diagnosis regarding peripheral neuropathies. The record contains the opinion of a professional that additional testing by a specialist is needed to properly asses the level of severity of the CTS of the bilateral hands. Therefore, the Board finds that a new examination is needed. 

Further, at the January 2015 VA examination it was noted that the Veteran had scars on his wrists from previous release surgeries for treatment of his CTS. While the scars were noted, no findings regarding the scars were provided. Any examination provided should include an examination of the surgical scars on the wrists so the Board can determine if separate compensable evaluations are warranted.

As to the bilateral hearing loss disability, at the March 2016 hearing the Veteran testified that his hearing had increased in severity since the last VA examination of May 2014 to the point that he had to turn his hearing aid up to its maximum and he still had difficulty hearing some things. Given the Veteran's testimony, a new VA examination is needed prior to deciding the claim. 

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of any bilateral knee, lumbar, cervical and hand disability, other than CTS, that the Veteran may currently have. The claim file should be made available to the examiner for their review and the examination report should state that a review of the file was completed. After a full examination of the Veteran, the examiner should determine the following:

(a) Identify all disabilities of the bilateral knees, lumbar spine, cervical spine, and bilateral hands (other than CTS).

(b) Provide an opinion as to whether it is at least as likely as not (at least a 50 percent probability) that the Veteran has a (i) bilateral knee, (ii) lumbar spine, (iii) cervical spine and/or (iv) bilateral hands, other than CTS disability that is related to service.

The examiner should specifically opine whether any of the identified disabilities is related to potential trauma received from a jump of the bow of the ship in service. The examiner should be advised that the Veteran's accounts of jumping of the bow of the ship in service are considered to have been corroborated. 

Note that the lack of documented treatment in service, while probative, cannot serve as the sole basis for a negative finding. The Veteran's lay contentions (to include those surrounding the high jump from the ship into the water, which have been deemed credible as occurring) must be considered and weighed in making the determination as to whether a nexus exists between service and the currently diagnosed disorders.

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

2. Schedule the Veteran for a VA audiological examination with an examiner of appropriate expertise to determine the current severity of his service-connected bilateral hearing loss disability.

The claims file should be made available to and reviewed by the examiner, and any indicated audiological studies should be performed.

In addition to dictating objective test results (Maryland CNC and pure tone threshold testing), the examiner's report should fully describe the effects of the Veteran's hearing loss disability on his occupational functioning and daily activities. 

3. Schedule the Veteran for a VA examination to determine the current level of severity of his CTS of the bilateral hands. The claim file should be made available to the examiner for their review and the report should state that a review of the file was conducted. A NCV and/or EMG study of the bilateral upper extremities must be conducted, based on the recommendation contained in the January 2015 VA examination in order to determine actual severity. 
The examiner is directed to comment on the presence or absence of neurological symptomatology associated with the Veteran's CTS, and if present, to identify the specific nerve(s) involved. The examiner should describe the level of severity of any neurological manifestations found as mild, moderate or severe. The examiner is also requested to enter findings relating to any surgical scars of the wrists noted.

4. Thereafter, and after undertaking any additional development deemed necessary, readjudicate the issues on appeal. If any benefit sought on appeal remains denied, in whole or in part, the Veteran and his attorney should be provided with a supplemental statement of the case and be afforded reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs