**William F. WILSON, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1080.**

United States Court of Veterans Appeals.

Submitted Sept. 6, 1991.

Decided June 16, 1992.

Julie A. Waltz, Asheville, N.C., was on the brief for appellant.

Robert E. Coy, Acting Gen. Counsel, Andrew J. Mullen, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Michael R. Smalls, Washington, D.C., were on the brief, for appellee.

Before FARLEY, HOLDAWAY and STEINBERG, Associate Judges.

FARLEY, Associate Judge, filed the opinion of the Court in which HOLDAWAY, Associate Judge, joined. STEINBERG, Associate Judge, also joined and filed a concurring opinion.

FARLEY, Associate Judge:

Appellant William F. Wilson seeks review of a June 7, 1990, Board of Veterans' Appeal (BVA or Board) decision denying service connection for a back disability. We hold that appellant failed to submit sufficient new and material evidence to warrant the reopening of a claim which was the subject of a final denial. It is not clear whether the BVA intended to reopen appellant's claim despite the absence of new and material evidence, but any error which may have occurred was necessarily harmless in view of the BVA's ultimate denial. The decision of the BVA is affirmed. Therefore, the denial of service connection for a back disability is affirmed.

I.

Appellant served in the Army from March 11, 1943, until November 6, 1945. Appellant's induction examination is negative for any spinal abnormalities. R. at 7–

8. While in service, appellant sought treatment for a "backache". A November 1943 orthopedic consultation reflects that, prior to service, appellant had been involved in two automobile accidents; the examiner's impression was "chr[onic] trauma during adolescence". R. at 9. The 1945 discharge examination indicates evidence of a lacerated back and no defects of the musculoskeletal system. R. at 26.

Prior to the BVA decision giving rise to this appeal, appellant's claim for service connection had been denied in three prior BVA decisions. In a 1969 decision, the Board found that appellant's back disability existed prior to service and that there had been no aggravation of appellant's condition in service. R. at 78 (*William F. Wilson*, BVA 69–08695 (Aug. 26 1969)). Subsequent BVA decisions in 1972 and 1979 affirmed the denial of appellant's claim for service connection based upon the conclusions that the evidence submitted by the veteran did not create a new factual basis sufficient to establish service connection. R. at 92 (*William F. Wilson*, BVA 71–19234 (Jan. 4, 1972)); R. at 172 (*William F. Wilson*, BVA 78–20699 (Mar. 15, 1979)).

In 1989, appellant again sought to reopen his claim by submitting medical progress notes from a Veterans' Administration (VA) (now the Department of Veterans Affairs) orthopedic clinic dated April 14, 1988, October 3, 1988, and March 20, 1989 (R. at 195, 182, 184), that reflect treatment for back pain. A May 24, 1989, VA Regional Office (RO) rating decision determined the reports were cumulative and "insufficient to rebut the pre-service existence of the veteran's back condition and also were insufficient to show that the veteran's back disability was aggravated during active duty." R. at 203. In its decision of June 7, 1990, the BVA affirmed the 1989 RO rating decision concluding that:

> new evidence of record consists of records of treatment for the veteran's back disorder by [VA] many years subsequent to service as well as contentions advanced.... [These records] do not establish the onset in service of a back disorder ... or that a preexisting back disorder worsened during service.

*William F. Wilson*, BVA 90–18231, at 4–5 (June 7, 1990).

A timely appeal to this Court followed.

## II.

◼ "Except as provided in section 5108 [formerly section 3008] of this title, when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be reconsidered." 38 U.S.C. § 7104(b) (formerly § 4004(b)). Section 5108 provides: "If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary [of Veterans Affairs (Secretary)] shall reopen the claim and review the former disposition of the claim." Thus, only if the evidence submitted by appellant is found to be both "new" and "material", may the claim be reopened and the entire record reviewed. *See Manio v. Derwinski*, 1 Vet.App. 140 (1991); *Jones v. Derwinski*, 1 Vet.App. 210 (1991). In *Colvin v. Derwinski*, 1 Vet.App. 171 (1991), the Court said that "[n]ew evidence is not that which is merely cumulative of other evidence on the record. Material evidence is relevant and probative of the issue at hand." *Id.* at 174 (citations omitted). The Court held that "to justify a reopening on the basis of new and material evidence, there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.*

◼ Here, the evidence reflecting treatment for back pain in 1988 and 1989, while new, was not as a matter of law material to the issue of whether appellant's current disability was service-connected. Because the evidence was not "new" *and* "material", there was no basis upon which appellant's claim could be reopened under 38 U.S.C. § 5108. It is not clear from the BVA decision, which predates our jurisprudence with respect to reopened claims, whether the Board found insufficient basis to reopen the appellant's claim or rejected it on the merits. While the appropriate course would have been to conclude that

there was an insufficient predicate for re-opening, any error by the Board was harmless in view of its ultimate denial of the claim. *See Thompson v. Derwinski,* 1 Vet. App. 251, 254 (1991).

### III.

Upon consideration the briefs of appellant and the Secretary, and the record on appeal, it is the holding of the Court that appellant's newly submitted evidence was not material to the issue of service connection for a back disability. Appellant has not demonstrated that the Board of Veterans' Appeals committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed. Cir.1990). Accordingly, the BVA decision of June 7, 1990, is AFFIRMED.

STEINBERG, Associate Judge, concurring:

I concur in the Court's opinion, but I write separately to suggest that there may have been errors in the previous Board of Veterans' Appeals (BVA or Board) decisions, which the Court is unable to reach because of the absence of new and material evidence, but which the BVA may wish to revisit.

BVA decisions were rendered in this case in 1969, 1972, and in 1979, as well as in 1990, on the issue of the veteran's entitlement to service-connected disability compensation for a back disability. R. at 1, 78, 92, 172. In support of his claim, submitted in 1967, the veteran offered medical examination reports showing that in 1967 and 1968 he received diagnoses of chronic disc disease of the lumbar spine and osteoarthritis. R. at 34, 61. In these examination reports, the physicians noted, in addition to the above conditions, the existence of old back injuries. In one, the diagnosis was "chronic disc disease ... with old mild compression fracture of L4." R. at 34. In the other, the report noted an "old" cause of the L4 "wedging". R. at 37. In 1969, the

veteran began submitting evidence to demonstrate that these "old" injuries were incurred during service. He submitted affidavits by fellow servicemen and superiors attesting to the in-service incurrence of a back injury in 1943 and an accident causing back injury in 1944. R. at 45, 46, 50, 54. Indeed, his service medical records showed that he reported to the Army's orthopedic clinic for a chronic backache in 1943 and that his separation examiner noted the existence of a scar on his lower back and that he had been wounded in action. R. at 26. In an August 26, 1969, decision, the BVA denied the veteran's claim. R. at 78. In its 1972 decision, the BVA found the evidence to be cumulative of that previously submitted and, apparently, did not reopen the claim. R. at 92.

In support of the 1979 BVA decision, the veteran submitted the evaluation of a private physician who concluded that the veteran's back problems stemmed from "a compression fracture of the body of L-4 which was probably sustained in his accident of 1943 or 1944." R. at 111. He concluded that he "strongly support[ed] the veteran's claim" for service connection. The veteran also delivered sworn testimony in a hearing before the BVA on October 23, 1978, which is consistent with the physician's hypothesis and the veteran's claim that in-service injuries are responsible for his ongoing back problems. R. at 113. He testified that, although he had experienced two car accidents prior to service, he had not been injured in either of them and that the Army physician who, in 1943, had attributed his back pain to "chronic trauma during adolescence" (R. at 9) had asked him only whether he had ever been in a car accident and had asked nothing more. Thus, he contended, the physician had not asked him whether or to what extent any back injuries had resulted from those accidents. R. at 120–21. The veteran further testified that he had first complained about his back when he went to this physician in 1943 because he had developed a "knot" there during an assignment driving a weapons carrier and that he had been told during that examination that he had fractured his back. R. at 123. He further contended

that, while serving in France during WWII, he had been thrown from a jeep and hospitalized for the resulting back injury. The affidavits previously submitted by the veteran in 1969 were consistent with his contentions that he had injured his back twice during service.

From the face of the Board's 1979 decision, it appears that the Board found that new and material evidence was presented and reopened the case, for it enumerated much of the evidence submitted prior to the 1972 BVA decision. 38 U.S.C. § 5108; *see Manio v. Derwinski*, 1 Vet.App. 140, 145–46 (1991). Having reopened the case, the Board was required to evaluate all of the evidence and the relevant statutory and regulatory provisions. *Ibid.; Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991); *Browder v. Derwinski*, 1 Vet.App. 204, 205 (1991) (BVA is required to apply all statutes and regulations relevant to the case before it). In 1979 the BVA was not yet required to explain the reasons or bases for its decision, *compare* 38 U.S.C. § 4004(d) (1982) *with* 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), but, rather, was required to make a written statement of only its findings of fact and conclusions of law. *Gilbert v. Derwinski*, 1 Vet.App. 49, 56 (1990). It appears, however, from a review of the "FINDINGS OF FACT" and "CONCLUSIONS OF LAW" sections of the BVA's 1979 decision, that the Board in 1979 may have failed to consider certain statutory and regulatory provisions pertinent to the claim before it. Although the issues of pre-existing injury and aggravation were presented by the evidence then of record, the Board did not consider the presumption of aggravation then codified at 38 U.S.C. § 353 (1976) (recodified at § 1153) or the heavy burden that the Secretary was required to meet, under then 38 U.S.C. § 311 (1976) (recodified at § 1111), to establish the existence of a preexisting injury and the absence of aggravation during service. Nor did the Board consider the regulations corresponding to those statutory provisions in then 38 C.F.R. §§ 3.304(b) and 3.306(b). The precise relationship of these statutory and regulatory provisions is pending before the Court in *Guerrieri v. Derwinski*, 2 Vet.

App. 339 (1992). Nevertheless. the Board panel that reviewed this case in 1979 should have considered, before finding that service connection for the veteran's back condition was not warranted, whether clear and unmistakable evidence, under then 38 U.S.C. § 311, had demonstrated that the injury which was the subject of the claim had preexisted the claimant's entry into service and whether aggravation of any preexisting disability had occurred during service. *See Akins v. Derwinski*, 1 Vet. App. 228, 232 (1991) (application of regulation granting presumption of service connection required that evidence rebutting it be presented and found to be clear and unmistakable to defeat the presumption of service connection).

Moreover, it is also evident, in reviewing the "FINDINGS OF FACT" and "CONCLUSIONS OF LAW" of the 1969 and 1979 BVA decisions, that neither BVA panel considered the following provisions then in 38 U.S.C. § 354(b) (recodified at § 1154(b)), which sets forth a special evidentiary standard for combat veterans attempting to establish service connection:

In the case of any veteran who engaged in combat with the enemy in active service ... during a period of war ... the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and ... shall resolve every reasonable doubt in favor of the veteran.

*See also* 38 C.F.R. § 3.304(d); *Godwin v. Derwinski*, 1 Vet.App. 419, 426 (1991) (remanding record to BVA on other grounds, Court stated that Board may wish to take into account section 354(b) (now section 1154); on remand, Board found obvious VA error, *see Wallace B. Godwin*, BVA 90–10507 (Mar. 19, 1990), *readjudicated*, Supp. Dec. at 4–5 (Dec. 31, 1991)). As a WWII

veteran, the claimant here was entitled to the benefit of the above standard of proof. He had presented several consistent lay affidavits, medical evidence showing "old" back injuries in conjunction with his then current condition, and service medical records showing an in-service clinic visit and a hospitalization during the times he alleged that back injuries had occurred. Proper application of the statutory and regulatory provisions herein discussed, and the placement on the Secretary of the heavy evidentiary burden they dictate, may have led to a favorable outcome in this case as to the veteran's back claim.

In affirming these two decisions, the BVA may have committed obvious error under 38 U.S.C. § 7103(c) (formerly § 4003) or clear and unmistakable error under 38 C.F.R. §§ 3.105(a), 3.400(k) (1991) for failing to apply controlling statutes. *See* 38 U.S.C. §§ 7104(a), (c) (formerly § 4004); 38 C.F.R. § 19.103 (1991); *Tucker v. Derwinski,* 2 Vet.App. 201, 203 (1992) (Steinberg, J., concurring). Although the June 7, 1990, BVA decision has been affirmed, the Board may wish to revisit these issues, just as the Court suggested in *Godwin v. Derwinski,* 1 Vet.App. at 426, and as the Board did there on December 31, 1991, in granting service connection based on obvious error in its prior failure to apply the same law and regulation which were at issue here— 38 U.S.C. § 1154(b) and 38 C.F.R. § 3.304(d)—and the benefit-of-the-doubt doctrine under 38 U.S.C. § 5107(b) (formerly § 3007). *Godwin,* BVA 90–10507, *readjudicated,* Supp.Dec. at 4–5.