Citation Nr: 1237388 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 09-49 552 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for a neck disability.

2. Entitlement to service connection for headaches, to include as due to a neck disability.


REPRESENTATION

Veteran represented by: Oklahoma Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

Arif Syed, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1967 to September 1968. Service in the Republic of Vietnam and receipt of the Purple Heart are indicated by the record. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of a February 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

The Veteran testified before the undersigned Veterans Law Judge at an August 2011 hearing conducted via videoconference. A transcript of the hearing is of record.

In November 2011, the Board remanded the Veteran's claims. The VA Appeals Management Center (AMC) continued the previous denial of the claims in a September 2012 supplemental statement of the case (SSOC). Accordingly, the Veteran's VA claims folder has been returned to the Board for further appellate proceedings.


FINDINGS OF FACT

1. The Veteran's neck disability clearly and unmistakably preexisted entry into service and did not increase in severity during or as a result of service.

2. The Veteran's headaches disability clearly and unmistakably preexisted entry into service and did not increase in severity during or as a result of service.

CONCLUSIONS OF LAW

1. A neck disability preexisted service and was not aggravated by active duty service. 38 U.S.C.A. §§ 1110, 1153, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.306 (2012). 

2. A disability manifested by headaches preexisted service and was not aggravated by active duty service. 38 U.S.C.A. §§ 1110, 1153, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.306 (2012). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran seeks entitlement to service connection for a neck disability and for headaches, to include as secondary to the neck disability. In the interest of clarity, the Board will discuss certain preliminary matters. The issues on appeal will then be analyzed and a decision rendered.

Stegall concerns

In November 2011, the Board remanded these claims and ordered the agency of original jurisdiction (AOJ) to contact the Veteran in order to obtain identified private treatment records as well as schedule the Veteran for a VA examination for his neck disability and headaches and associate a report of the examination with his claims folder. The Veteran's claims were then to be readjudicated. 

Pursuant to the Board's remand instructions, the AMC mailed a letter to the Veteran in December 2011 requesting that that he complete a medical authorization form in order for the AMC to obtain identified private treatment records. Additionally, the Veteran was afforded a VA examination for his neck disability and headaches, and a report of the examination was associated with his claims folder. The Veteran's claims were readjudicated via the September 2012 SSOC. 

Accordingly, the Board's remand instructions have been substantially complied with. See Stegall v. West, 11 Vet. App. 268, 271 (1998) [where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance]. 

The Veterans Claims Assistance Act of 2000

The Board has given consideration to the Veterans Claims Assistance Act of 2000 (VCAA). The VCAA includes an enhanced duty on the part of VA to notify a claimant as to the information and evidence necessary to substantiate a claim for VA benefits. The VCAA also defines the obligations of VA with respect to its statutory duty to assist a claimant in the development of his claims. See 38 U.S.C.A. §§ 5103, 5103A (West 2002).

Notice

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2010), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2012), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claim. They also require VA to notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, VA is to specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant.
 
The Board also notes that the United States Court of Appeals for Veterans Claims (Court) has held that the plain language of 38 U.S.C.A. § 5103(a) requires that notice to a claimant pursuant to the VCAA be provided "at the time" that, or "immediately after," VA receives a complete or substantially complete application for VA-administered benefits. Pelegrini v. Principi, 18 Vet. App. 112, 119 (2004).

In the case at hand, the record reflects that the originating agency provided the Veteran with the required notice, to include notice with respect to the effective-date element of the claim, by a letter mailed in December 2008, prior to the initial adjudication of his claims. In short, the record indicates the Veteran received appropriate notice pursuant to the VCAA. 

Duty to assist

In general, the VCAA provides that VA shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate a claim for VA benefits, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. The law affords that the assistance provided by VA shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim. See 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159 (2012). 

In the instant case, the Board finds reasonable efforts have been made to assist the Veteran in obtaining evidence necessary to substantiate his claims. There is no reasonable possibility that further assistance would aid in substantiating the claims. The pertinent evidence of record includes the statements from the Veteran, service treatment records, as well as private treatment records. 

The Veteran was afforded a VA Disability Benefits Questionnaire (DBQ) examination in December 2011. The examination report reflects that the examiner interviewed and examined the Veteran, reviewed his claims folder, reviewed his past medical history, documented his current medical conditions, and rendered appropriate diagnoses consistent with the remainder of the evidence of record. The Board therefore concludes that the VA examination report is adequate for evaluation purposes. See 38 C.F.R. § 4.2 (2012); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) [holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate]. 

The Board notes that the Veteran testified at the August 2011 Board hearing that he received treatment from Dr. L.A. in the fall of 1968 as well as Dr. R.W. since the mid-1970s for his neck disability and headaches. See the August 2011 Board hearing transcript, pgs. 6-8. In a December 2011 letter, the AMC requested that the Veteran return a signed and dated VA Form 21-242 Authorization and Consent to Release Information in order to obtain these records. As evidenced by the claims folder, the Veteran subsequently stated that he could not provide an address for Dr. L.A. and speculated that records from Dr. L.A. "more than likely would have been destroyed." See a statement from the Veteran dated February 2012. Furthermore, Dr. R.W. indicated in a statement dated February 2012 that the Veteran's medical records are unavailable for review. 

Accordingly, the Board finds that VA adjudication of the appeal may go forward without these private treatment records as the evidence of record shows that these records are unavailable for review. See Gobber v. Derwinski, 2 Vet. App. 470, 472 (1992) [VA's duty to assist is not a license for a "fishing expedition" to determine if there might be some unspecified information which could possibly support a claim]. The Board's decision to not remand the appeal for a second time to obtain these records is supported by the fact that it appears that the AMC made a sufficient attempt to locate the private treatment records. 

The Board finds that under the circumstances of this case, VA has satisfied the notification and duty to assist provisions of the law and that no further action pursuant to the VCAA need be undertaken on the Veteran's behalf.

The Board additionally observes that all appropriate due process concerns have been satisfied. See 38 C.F.R. § 3.103 (2012). The Veteran has been accorded the opportunity to present evidence and argument in support of his claims. He has retained the services of a representative. He was afforded a videoconference hearing in August 2011.

Accordingly, the Board will proceed to a decision.


Service connection for a neck disability and headaches

Because the issues of entitlement to service connection for a neck disability and headaches involve the application of the same law and regulations, for the sake of economy the Board will address them together.

Generally, service connection may be granted for disability or injury incurred in or aggravated by active military service. See 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303 (2012).

For certain chronic disorders, including arthritis, service connection may be granted if the disease becomes manifest to a compensable degree within one year following separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2002); 38 C.F.R. §§ 3.307, 3.309 (2012).

In order to establish service connection for the claimed disorder, there must be 
(1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

A veteran will be considered to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior thereto. 38 U.S.C.A. § 1111 (West 2002); 38 C.F.R. § 3.304(b) (2012).

VA's General Counsel has held that to rebut the presumption of sound condition under 38 U.S.C. § 1111, VA must show by clear and unmistakable evidence both that the disease or injury existed prior to service and that the disease or injury was not aggravated by service. See VAOPGCPREC 3-2003 (July 16, 2003); see also Wagner v. Principi, 370 F. 3d 1089 (Fed. Cir. 2004). The Court has held, however, that this presumption attaches only where there has been an entrance examination in which the later complained-of disability was not detected. See Bagby v. Derwinski, 1 Vet. App. 225, 227 (1991). In VAOPGCPREC 3-2003, VA's General Counsel noted that "[u]nder the language of [38 U.S.C. § 1111], VA's burden of showing that the condition was not aggravated by service is conditioned only upon a predicate showing that the condition in question was not noted at entry into service."

Cases in which the condition is noted on entrance are, however, still governed by the presumption of aggravation contained in 38 U.S.C. § 1153 (as opposed to that applicable under 38 U.S.C. § 1111 where the complained of condition was not noted on entrance into service). This statute provides that a pre-existing injury or disease will be considered to have been aggravated by active service where there is an increase in disability during such service, unless clear and unmistakable evidence shows that the increase in disability is due to the natural progress of the disease. 38 U.S.C.A. § 1153 (West 2002); 38 C.F.R. § 3.306 (2012).

Aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during, and subsequent to service. 38 U.S.C.A. § 1153 (West 2002); 38 C.F.R. §§ 3.304, 3.306(b) (2012).

A pre-existing disease or injury will be presumed to have been aggravated by service only if the evidence shows that the underlying disability underwent an increase in severity; the occurrence of symptoms, in the absence of an increase in the underlying severity, does not constitute aggravation of the disability. See Davis v. Principi, 276 F.3d 1341, 1345 (Fed. Cir. 2002); 38 C.F.R. § 3.306(a) (2012).

Aggravation is characterized by an increase in the severity of a disability during service, and a finding of aggravation is not appropriate in cases where the evidence specifically shows that the increase is due to the natural progress of the disease. Furthermore, temporary or intermittent flare-ups of a pre-existing disease during service are not sufficient to be considered aggravation of the disease unless the underlying condition, as contrasted to symptoms, worsens. See Jensen v. Brown, 4 Vet. App. 304, 306-07 (1993); Hunt v. Derwinski, 1 Vet. App. 292 (1991).

In the case of any veteran who has engaged in combat with the enemy in active service during a period of war, satisfactory lay or other evidence that an injury or disease was incurred or aggravated in combat will be accepted as sufficient proof of service connection if the evidence is consistent with the circumstances, condition or hardships of such service, even though there is no official record of such incurrence or aggravation. See 38 U.S.C.A. § 1154(b) (West 2002); 38 C.F.R. § 3.304(d) (2012).

The Court has held that 38 U.S.C.A. § 1154(b) can be used only to provide a factual basis upon which a determination could be made that a particular disease or injury was incurred or aggravated in service, not to link the claimed disorder etiologically to the current disorder. See Libertine v. Brown, 9 Vet. App. 521, 522-23 (1996). Section 1154(b) does not establish service connection for a combat veteran; it aids him by relaxing the adjudicative evidentiary requirements for determining what happened in service. A veteran must still generally establish his claim by competent medical evidence tending to show a current disability and a nexus between that disability and those service events. See Gregory v. Brown, 8 Vet. App. 563, 567 (1996).

In Kessel v. West, 13 Vet. App. 9 (1999), the Court affirmed that the 38 U.S.C.A. § 1154(b) presumption only relates to the question of service incurrence, it does not relate to questions of whether the veteran has a current disability or whether there was a nexus between the in-service event and the current disability.

After the evidence is assembled, it is the Board's responsibility to evaluate the entire record. See 38 U.S.C.A. § 7104(a) (West 2002). When there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each issue shall be given to the claimant. See 38 U.S.C.A. § 5107 (West 2002); 38 C.F.R. §§ 3.102, 4.3 (2012). 

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims (Court) stated that "a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." To deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

The medical evidence of record indicates that the Veteran currently has a neck disability and a disability manifested by headaches. The focus of this decision is whether the Veteran's neck disability and headaches pre-existed service and if so whether they were aggravated by or due to service. See 38 U.S.C.A. §§ 1111, 1153; 38 C.F.R. §§ 3.304, 3.306.

Presumption of Soundness

As was discussed above, the Board's first inquiry is whether the statutory presumption of soundness on enlistment has been rebutted.

In this case, the Veteran's October 1966 preinduction examination is absent any documentation of a neck disability or disability manifested by headaches. However, the Veteran reported on his October 1966 Report of Medical History that he experienced frequent or severe headaches, and also noted that he had a history of swollen or painful joints, broken bones, and arthritis or rheumatism. He indicated that he was involved in two automobile accidents in the past three years. Indeed, a treatment record from L.A., D.O., dated in June 1966 shows that the Veteran was involved in an automobile accident in April 1963 and received a moderately severe cervical and lumbar strain and was involved in another automobile accident in January 1964 which aggravated his previous injuries. Dr. L.A. reported that the Veteran had developed some traumatic arthritis in his low back and shoulders, and would continue to have some pain and limitation of motion in those areas indefinitely. The Board observes that the remainder of the Veteran's service treatment records is absent any complaints of either a neck disability or headaches. 

The October 1966 Report of Medical History, private treatment records from Dr. L.A., and the Veteran's statements thus go beyond a mere "bare conclusion without a factual predicate in the record." See Miller v. West, 11 Vet. App. 345, 348 (1998). The October 1966 Report of Medical History and private treatment records from Dr. L.A. indicate a long-standing neck disability and disability manifested by headaches on enlistment. In fact, the December 2011 VA examiner specifically concluded after examination of the Veteran and review of his medical history that the Veteran's neck disability and headaches pre-existed his military service. As such, the Board concludes that the evidence clearly and unmistakably shows that a neck disability and disability manifested by headaches pre-existed the Veteran's period of active military service. Accordingly, the statutory presumption of soundness is rebutted. See 38 U.S.C.A. § 1111 (West 2002); 38 C.F.R. § 3.304(b) (2012).

Aggravation

The Board must next determine whether the Veteran's pre-existing neck disability and headaches underwent an increase in severity during his period of active military service, thereby triggering the presumption of aggravation. See Maxson v. West, 12 Vet. App. 453 (1999) [the presumption of aggravation is generally triggered by evidence that a pre-existing disability has undergone an increase in severity in service]; see also Sondel v. West, 13 Vet. App. 213 (1999).

The Board observes that the Veteran has stated that during his period of military service in the Republic of Vietnam, he was involved in a motor vehicle accident and he injured his neck and developed headaches as a result of the accident. See, e.g., the August 2011 Board hearing transcript, pgs. 3-5. 

The Board notes that the Veteran's available service treatment records do not document any occurrence of or treatment for a neck injury or headaches as a result of the motor vehicle accident. However, the Veteran is competent to attest to experiencing injuries to his neck and headaches from a motor vehicle accident. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007) (lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional). Therefore, although the Veteran as a lay person has not been shown to be capable of making medical conclusions, he is competent to report the circumstances of in-service neck injury and headaches. Additionally, the Veteran is a veteran of combat who received the Purple Heart. As such, the provisions of 38 U.S.C.A. § 1154(b) and 38 C.F.R. § 3.304(d) apply with respect to the Veteran's contention that he was injured in a motor vehicle accident. The Board considers his statements regarding the in-service motor vehicle accident to be credible and consistent with his combat military service.

However, in the present case, the record does not reflect that the Veteran's preexisting neck and headache disabilities underwent an increase in severity during service to warrant a presumption of aggravation. The presumption of aggravation applies only when pre-service disability increases in severity during service. Beverly v. Brown, 9 Vet. App. 402, 405 (1996); Browder v. Derwinski, 1 Vet. App. 204, 206-207 (1991). 

In this regard, there is only one medical opinion of record which addresses the matter of aggravation. In this regard, the Veteran was afforded a VA examination in December 2011. Pertinently, the VA examiner noted and accepted the Veteran's report of the in-service motor vehicle accident. After examination of the Veteran and consideration of his medical history, the VA examiner concluded that the Veteran's neck disability and headaches pre-existed the Veteran's military service and were not aggravated by his military service beyond its natural progression. The examiner's rationale for her conclusion was based on her finding that the Veteran's service treatment records did not indicate treatment for any neck condition or for headaches or any associating neurological condition. While a presumption of aggravation attaches when there has been an increase in disability during service, the examiner noted that the Veteran's September 1968 separation examination was negative for any spine (neck) disability or disability manifested by headaches. Moreover, with respect to the Veteran's neck disability, the VA examiner concluded that the current disability is due to the Veteran's pre-existing neck injury as well as his age, occupation, and other events or injuries that occurred after he was discharged from military service.
 
The December 2011 VA examination report therefore appears to have been based upon thorough review of the record, thorough examination of the Veteran, and thoughtful analysis of the Veteran's entire history. See Bloom v. West, 12 Vet. App. 185, 187 (1999) [the probative value of a physician's statement is dependent, in part, upon the extent to which it reflects "clinical data or other rationale to support his opinion"]. The Veteran has not submitted a medical opinion to contradict the VA examiner's opinion. The Veteran has been accorded ample opportunity to present competent medical evidence in support of his claims. He has failed to do so. See 38 U.S.C.A. § 5107(a) (West 2002) [it is the claimant's responsibility to support a claim for VA benefits]. 

In light of the foregoing, the Board concludes that the evidence does not show that either the Veteran's neck disability or headache disorder underwent an increase in severity during service. 

In reaching this conclusion, the Board notes that, in relevant part, 38 U.S.C.A. 1154(a) (West 2002) requires that VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). "Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence").

The Board notes that the Veteran, while entirely competent to report his symptoms both current and past (including pain in his neck and headaches), has presented no competent evidence of in-service aggravation of neck disability and headaches. The Board finds that the Veteran as a lay person is not competent to associate any of his claimed symptoms to an aggravation of the preexisting conditions during military service. That is, the Veteran is not competent to opine on matters such as aggravation of his neck disability and headaches. Such opinion requires specific medical training and is beyond the competency of the Veteran or any other lay person. In the absence of evidence indicating that the Veteran has the medical training to render medical opinions, the Board must find that his contention with regard to in-service aggravation of his neck disability and headaches to be of no probative value. See also 38 C.F.R. § 3.159(a)(1) (2012) [competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions]. Thus, the statements offered by the Veteran in support of his own claims are not competent evidence of aggravation.

The Board again notes that the provisions of 38 U.S.C.A. § 1154(b) only provide an evidentiary presumption concerning events in service; they do not provide a substitute for evidence of aggravation of a disability beyond its normal progression. See Wade v. West, 11 Vet. App. 302, 305 (1999), as well as Libertine, Gregory and Kessel, all supra. Moreover, as noted immediately above, the December 2011 VA examiner's opinion is consistent with the objective medical evidence of record or, specifically, the lack of in-service aggravation of either the Veteran's neck disability or headaches beyond the normal progression of the disability. 

Accordingly, because the evidence of record indicates that there was no increase in disability during the Veteran's period of active duty service for either claim, the Board finds that the presumption of aggravation is not for application. See 38 U.S.C.A. § 1153 (West 2002); 38 C.F.R. § 3.306 (2012).

With regard to the Veteran's contention that his headaches disability is related to his neck disability, the Board notes that in order to prevail on the issue of entitlement to secondary service connection, there must be: (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) medical nexus evidence establishing a connection between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

Although the competent and probative evidence of record documents a disability manifested by headaches, the Veteran is not service-connected for a neck disability. As such, Wallin element (2) is not met, and his claim fails on this basis. 

For reasons and bases stated above, the Board concludes that a preponderance of the evidence is against the Veteran's claims. The benefits sought on appeal are accordingly denied.


ORDER

Entitlement to service connection for a neck disability is denied.

Entitlement to service connection for headaches, to include as due to a neck disability is denied.




____________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs